## Valentine Fries
### v.
## William J. Fagan.

*Practice—Bill of Particulars—Evidence—Variance—Waiver—Damages —Conflict of Evidence—Question for Jury.*

1. Where evidence is offered and objected to, but not on the ground that it varies from, or is not warranted by the bill of particulars, the question of variance is waived.

2. The fact that the damages are not as large as the jury might have been warranted in assessing them, is not a matter of which the defendant can complain or take advantage.

3. Where the evidence is conflicting it is for the jury to find the facts in view of all the evidence.

[Opinion filed November 9, 1887.]

In ERROR to the Circuit Court of Cook County; the Hon. John C. Bagby, Judge, presiding.

Messrs. Schuyler & Kremer, for plaintiff in error.

Mr. William H. Condon, for defendant in error.

Bailey, J. This was an action of assumpsit, commenced by William J. Fagan against Valentine Fries, by attachment. The attachment affidavit alleges an indebtedness of $2,252, and by way of setting forth the nature of said indebtedness, states that the plaintiff is indebted to the defendant " for

work and labor as captain of the propeller William Edwards, in the spring of 1884; for failure to retain him during the season; for loss of wages and for board, and for balance due for wages in a prior season, and interest." The declaration consists of the common counts, and of a special count alleging a contract between the plaintiff and defendant, by which the defendant agreed to employ and hire the plaintiff to sail as captain of the defendant's steam barge William Edwards for and during the season of 1884, and agreed to pay him for such service the sum of $1,200 and the plaintiff's board; but that the defendant afterward refused to permit the plaintiff to enter upon said service, and refused to hire and employ him in manner aforesaid. The defendant appeared and pleaded *non assumpsit*, and it was stipulated by the parties that under that plea the defendant might set up the Statute of Limitations in defense to a certain item in the plaintiff's bill of particulars for a balance due the plaintiff for services rendered the defendant in the year 1874, and that the plaintiff should also be at liberty, under said plea, to give evidence of a new promise. At the trial the jury found the issues for the plaintiff and assessed his damages at $550, and for that sum and costs the court gave judgment for the plaintiff.

The plaintiff gave evidence tending to show a balance of $500 due him for services rendered by him to the defendant in the year 1874, and that some time in the year 1881, which was less than five years before the commencement of this suit, the defendant admitted said indebtedness, and promised to pay it with interest. He further gave evidence tending to prove the contract set up in the special count of the declaration and its breach, and also evidence tending to prove certain services rendered by him for the defendant and at the defendant's request, in staying with, taking care of and repairing the defendant's steam barge, William Edwards, during the winter which intervened between the season of 1883 and that of 1884.

As to all these matters the evidence was more or less conflicting, and it was for the jury to find the facts in view of all the evidence and render their verdict accordingly. We are

unable to say, from anything appearing in the record, that their verdict is not fairly warranted by the evidence.

Complaint is made of the admission of evidence of the services rendered in the winter of 1883–4, and of giving an instruction to the jury based upon said evidence, on the ground that those services are not specified in the plaintiff's bill of particulars, filed with his declaration. The record shows the filing by the plaintiff of a bill of particulars, with his declaration containing items and specifications broad enough to cover the services in question. It also appears that he afterward filed an amended bill of particulars, containing no item to which said evidence was applicable, but whether the amendment was made by order of the court, or as the voluntary act of the plaintiff, does not appear. But we need not pause to consider whether the plaintiff should have been limited in his evidence to the items of his amended bill of particulars, as there is another sufficient reason why the objection is not now tenable. When the evidence in question was offered it was objected to upon another specified ground, but no objection was made upon the ground that it varied from or was not warranted by the bill of particulars. The objection not being then made was waived, and can not be considered here.

Counsel for the plaintiff in error seek to deduce from the amount of the verdict, the conclusion that the jury must have found against the plaintiff, both in relation to the item of services claimed to have been rendered in 1874, and in relation to the contract to hire the plaintiff for the season of 1884, the argument being that if they had found for the plaintiff in respect to either of those items, they would have assessed a larger amount of damages. Such inference is by no means warranted by the record. By the verdict the jury found all the issues for the plaintiff, and the assessment of damages may be sustained by the evidence as to any one or all of the items of the indebtedness in controversy. The fact that the damages are not as large as the jury might have been warranted in assessing them, is not a matter of which the plaintiff in error can complain or take advantage. The only question is, whether the evidence upon any one of the issues submitted

to the jury is sufficient to sustain the amount of damages awarded, and the fact that, upon certain theories of the case, a larger sum might have been awarded, can not be resorted to to impeach the finding the jury have seen fit to make.

We find no error in the record, and the judgment will therefore be affirmed.

*Judgment affirmed.*