# F. A. WAIDNER, IMPLEADED, ETC.,

## v.

# JOSEPH PAULY.

*Practice—Pleading—Amendment—Surprise— Continuance— Variance.*

1.  It is too late, upon motion for new trial, to make an objection on the ground of variance, arising through misprision of the clerk of court.

2.  Such misprision, consisting of the entry upon his record that motions were made by *defendants*, does not bring into court a defendant not served with process, and who had not pleaded, and does not support an objection that the judgment should be against all or none.

3.  The announcement by a plaintiff in a suit when the trial thereof begins, that he shall rely solely upon the count for an account stated, amounts to an amendment by abandoning all his bills of particulars for other causes of action, and if the defendant asks for a continuance on the ground of surprise, he should support his application with an affidavit showing how he was surprised.

[Opinion filed October 23, 1890.]

IN ERROR to the Circuit Court of Cook County; the Hon. ARBA N. WATERMAN, Judge, presiding.

Messrs. WEIGLEY, BULKLEY & GRAY, for appellant.

The first object of a bill of particulars is to inform the defendant of the particular claim or demand sought to be recovered in the suit, and its effect is to limit and restrict the plaintiff on the trial of the case to proof of the particular claim or cause of action specified in his bill of particulars.

In the case of Wade v. Beasley, 4 Esp. 7, a note was filed as a bill of particulars. It not being properly stamped, could not be used in evidence under the special count, and plaintiff offered to prove the original loan of money. Lord Kenyon said: "Where an instrument produced in evidence has been found to be improperly stamped, I have admitted evidence of the consideration, and I should do so here had the plaintiff not precluded himself by this particular. The particular is to apprise the opposite party of what he is to come prepared

to try, and the plaintiff who gives it must be bound by it, or particulars are of no use. I should assist the plaintiff if I could, but the defendant having come prepared to meet one demand, must not be called upon to meet another. Plaintiff must be non-suited."

In the case of Matthews v. Hubbard, 47 N. Y. 428, it is said: " The office of the bill of particulars is to apprise the defendant of the items which the defendant intends to prove upon the trial, and to restrict these proofs to the matter specified. * * * If the specifications do not agree with the facts, or if they omit matters essential to the plaintiff's case, the defendants can take advantage of that upon the trial." In the case of Morton v. McClure, 22 Ill. 257, the court, in speaking of the office of a bill of particulars, says: " The practice act requires that such a bill shall be filed, and one of its objects is that the defendant shall be particularly apprised of what he is to meet on the trial. If the plaintiff were permitted to abandon the account filed and rely upon a count not exhibited, the object of the enactment would be defeated. When the account has been filed the party should be confined to the items and the prices therein charged, unless leave is first given by the court to amend the bill of particulars on such terms as may be prescribed."

In the case at bar the plaintiff was permitted to abandon the account filed, and to reply upon a cause of action other and different from any specified in his bill of particulars or affidavit of claim, and thereby he defeated all benefit obtained by the defendant in getting a rule upon him to file said bill of particulars. In the case of Humphrey v. Phillips, 57 Ill. 132, the declaration contained three counts. First, a special count; second, the common counts, and third, a count upon an account stated. With the declaration, the plaintiffs filed a notice that the draft declared on was " the sole cause of action." The court, in speaking with reference to the effect of the notice, says: "The only office it can perform is to limit the proof to be heard on the trial. The effect would have been to limit the evidence to the draft as the 'sole cause of action,' and exclude all other causes of action." In the case of Mc-

Donald v. The People, 126 Ill. 150, the court, quoting from
the case of Commonwealth v. Giles, 1 Gray, 468, regarding
bills of particulars, says: "When it (an order for a bill) is
once made, it concludes the rights of all parties who are to be
affected by it, and he who has furnished a bill of particulars
under it, must be confined to the particulars he has specified
as closely and effectually as though they constituted essential
allegations in a special declaration."

Mr. S. M. MEEK, for defendant in error.

An inspection of the entire record will show that the plaint-
iff in error had no cause for surprise upon the trial by the
action of defendant in error in electing to rely wholly upon
the count of account stated.

Pursuant to an order of court, defendant in error filed a
bill of particulars on April 30, 1888, which stated that the
amount claimed was a "balance account as per bill rendered
by defendant to plaintiff," and that the originals of all accounts,
books and bills were then in the hands of the defendant.
Besides this bill of particulars, an affidavit of S. M. Meek,
attorney for defendant in error, was filed in said cause on the
5th day of May, 1888, "in reply to a motion of the defendant
for a still more specific bill of particulars," and thus became a
sort of supplemental bill of particulars, and was so considered
by the trial court.

The argument of plaintiff in error as to the variance between
the declaration and the proof is also based upon a misapprehen-
sion of the record. The count of account stated is in the usual
form. The declaration was accompanied by the usual summary
of the different counts in the form of an account, and by an affi-
davit of the plaintiff's claim, stating that it is for merchandise
sold and delivered by the plaintiff to the defendants, and that
there is due to the plaintiff "about $3,500, as affiant is
informed and believes." Not being satisfied with this state-
ment of the plaintiff's claim, the defendant obtained a rule
upon the plaintiff to file a bill of particulars. The plaintiff
then filed a bill of particulars which stated that the plaintiff's
claim was for a balance of account as per bill rendered by
defendant to plaintiff for cabbage, sauerkraut, barrels, etc.,

Waidner v. Pauly.

to the amount of $3,800. Still dissatisfied, the defendant entered a motion for a rule upon the plaintiff to file a more specific bill of particulars, and in reply to this motion an affidavit was filed by plaintiff, stating, in effect, that in 1882, an accounting was had between plaintiff and defendant as to the " cabbage, sauerkraut, barrels, etc.," and that the defendant promised to pay the balance of "something over $3,500." The amount is erroneously stated in this affidavit, as the accounting had been had some six years before the filing of the affidavit (but within five years from the commencement of the suit) and the affiant had not refreshed his memory concerning the amount. But the time, place and attending circumstances of the accounting are fully given; the affidavit does not purport to give the exact amount.

" It is advisable, in all declarations in assumpsit for the recovery of a money demand, to insert a count on an account stated. The acknowledgment by the defendant that a certain sum is due, creates an implied promise to pay the amount, and it is not necessary to set forth the subject-matter of the original debt; nor is the amount of the sum alleged in the count to be due, material." Chitty on Pleadings, 358.

" Wherefore, the present practice is, not to lay the precise sum in the declaration (in count of account stated), but any sum large enough to cover the demand, as is done in other counts upon an *indebitatus assumpsit.*" 2 Saund. Rep. 122 b, note 3.

The sum proved upon the trial was less than that stated in the declaration.

The arguments of plaintiff in error as to the variance on account of an allegation of an agreement between the plaintiff and *two* defendants, and of judgment against one defendant in an action *ex contractu* against two defendants, both in court, are based upon errors in the record of certain motions and orders entered by the Circuit Court. The original record of these motions and orders states, by way of recital, that the "*defendants,*" by "their" attorney, appeared, etc., when in fact defendant Aughinbaugh never appeared

in court in this cause by attorney or otherwise, nor was he served with process. These errors were corrected by order of the Circuit Court, as will be seen by reference to the amendment to the record on file herein, and the record as amended shows that but one defendant, F. A. Waidner, was in court at the time of the trial of this cause.

GARY, J. December 17, 1886, the appellee sued out of the Circuit Court a summons against the appellant and another

The summons was not served, and such proceedings were had that a *pluries* was sued out on December 7, 1887, which was served upon the appellant only, the next day. April 24, 1889, by agreement of the parties a declaration was filed *nunc pro tunc*, as of December 21, 1887. The appellant had filed pleas after various extensions of time, May 11, 1888, so that probably the original declaration has been filed December 21, 1887, and lost.

The court is asked to reverse the judgment upon divers technical objections, to which it would be a sufficient answer to say that they are based upon matter that can only be seen here by being incorporated, as it is not, in a bill of exceptions.

The declaration was filed in time; ten days before the second term after the summons was served. Herring v. Quimby, 31 Ill. 153. The announcement by the appellee when the trial began that he should rely solely upon the count upon an account stated, was an amendment by abandoning all his bills of particulars for other causes of action, and if the appellant then asked for a continuance on the ground of surprise he should have supported his application with an affidavit showing how he was surprised. Chi. & Pac. R. R. v. Stein, 75 Ill. 41; Mills v. Executors, 76 Ill. 381. The misprision of the clerk in reciting on the record that motions were made by the defendants, did not bring into court the other defendant, who had not been served with the process, nor had pleaded; and even without the subsequent amendment by the court changing the plural to the singular, did not furnish any ground for the appellant's objection that the judgment should be against all or none.

On motion for a new trial, it was too late, if any variance there was, to make an objection on that ground.    Mattoon v. Fallon, 113 Ill. 249; Fries v. Fagan, 23 Ill. App. 613.    The question of fact is settled, and no doubt rightly, by the verdict of the jury, and the judgment is affirmed.

*Judgment affirmed.*

Waterman, J., took no part in this case.