THE CALUMET ELECTRIC STREET RAILWAY COMPANY

*v.*

JOHN P. CHRISTENSON.

*Opinion filed December 22, 1897.*

1. APPEALS AND ERRORS—*motion for verdict must be accompanied by written instruction.* Alleged error of the trial court in denying a motion to take the case from the jury and direct a verdict cannot be considered in the Supreme Court, where no written instruction directing a verdict is offered with the motion.

2. TRIAL—*peremptory instruction comes too late when offered in the series.* One cannot raise the question whether the case should be submitted to the jury upon the facts, by a peremptory instruction offered as one of a series of instructions upon which the case is submitted.

*Calumet Electric St. Ry. Co.* v. *Christenson,* 70 Ill. App. 84, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. R. S. TUTHILL, Judge, presiding.

JUDSON F. GOING, for appellant.

B. F. CHASE, and F. H. NOVAK, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Appellee obtained a judgment against appellant in the circuit court of Cook county, which has been affirmed by the Appellate Court for the First District.

The only complaint made in this court is, that the trial court overruled defendant's motions to take the case from the jury and direct a verdict for defendant, and refused to give to the jury the thirteenth instruction requested by defendant. A motion to take the case from the jury and direct a verdict for defendant was made at the close of the evidence for plaintiff and renewed at the close of all the evidence, but no written instruction directing such a verdict was presented with the motion, to

be given by the court.   In order to preserve the question sought to be raised in this court an instruction must be presented in writing.   (*Bartelott* v. *International Bank*, 119 Ill. 259; *Wenona Coal Co.* v. *Holmquist*, 152 id. 581; *Swift & Co.* v. *Fue*, 167 id. 443.)   The thirteenth instruction which was refused directed a verdict for the defendant, and was one of a series presented by defendant on the submission of the cause to the jury.   A party cannot raise the question whether the case ought to be submitted to the jury by an instruction offered in a series by which it is so submitted.   *Peirce* v. *Walters*, 164 Ill. 560; *Vallette* v. *Bilinski*, 167 id. 564.

It is the duty of the trial judge upon a motion for a new trial, and of the Appellate Court in reviewing his decision upon such motion, to consider and decide upon controverted questions of fact, but the responsibility for the decision of such questions in suits at law ends with the Appellate Court.   The motions and instructions were not sufficient to preserve the question whether or not the evidence, as a matter of law, justified the submission to the jury.

The judgment of the Appellate Court must be affirmed, and is affirmed accordingly.      *Judgment affirmed.*