THE WEST CHICAGO STREET RAILROAD COMPANY

*v.*

HENRY A. FOSTER, Admr.

*Opinion filed October 24, 1898.*

1. PRACTICE—*motion to direct verdict should be accompanied by written instruction.* A motion to direct a verdict should be accompanied by a written instruction conforming to the motion in order that the Supreme Court may review the denial of the motion as presenting a question of law whether there was evidence to support a verdict.

2. APPEALS AND ERRORS—*submitting instructions involving facts waives right to peremptory instruction.* Submitting instructions involving a determination of facts by the jury waives the right to request an instruction directing a verdict, and the refusal of the latter in such case presents no question of law for review.

3. INSTRUCTIONS—*each party may have the jury instructed as to his theory.* An instruction in a personal injury case is proper which, in substance, informs the jury that if they believe, from the evidence, that plaintiff's intestate was injured in a certain manner while he was himself exercising due care, and that if they further believe, from the evidence, the defendant's servants negligently did or omitted certain things which caused the injury then plaintiff is entitled to recover.

4. SAME—*when instruction as to measure of damages is proper.* An instruction in a personal injury case is proper which tells the jury that if they find the defendant guilty, then, in assessing plaintiff's damages, they should take into consideration the nature and extent of the injuries, bodily and mental suffering, if any, and loss of time, if any, as shown by the evidence.

5. ACTIONS AND DEFENSES—*when cause of death is not a material issue in action for personal injury.* In an action for a personal injury, prosecuted by a personal representative substituted upon the death of the original plaintiff, which is tried upon the theory that if the verdict was for the plaintiff he would be entitled to recover for bodily pain, suffering and loss of time of deceased, the question as to the real cause of death, which occurred after suit brought, is not a material issue.

6. NEGLIGENCE—*when Supreme Court cannot inquire into question of negligence.* Whether the plaintiff's intestate was guilty of contributory negligence or whether the defendant was negligent are questions which cannot be inquired into by the Supreme Court, where the question of the sufficiency of the evidence to sustain a verdict is not properly presented as a question of law for review.

*West Chicago Street Railroad Co.* v. *Foster,* 74 Ill. App. 414, affirmed.

Appeal from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. Theodore Brentano, Judge, presiding.

This was an action on the case, originally begun by Michael Connell, against appellant, for injuries alleged to have been received by him June 29, 1894, through the negligence of defendant, as charged, in running one of its cars against his wagon and throwing him out. Connell died November 26, 1896, and appellee, Henry A. Foster, was appointed administrator of his estate, whereupon the death of Connell was suggested and leave given to prosecute the suit further in the name of the administrator. Upon the trial of the case in the Superior Court of Cook county a jury rendered a verdict in favor of the plaintiff for $5000. A *remittitur* of $2000 was entered, whereupon the court overruled the motion for a new trial and rendered judgment on the verdict for $3000. Upon appeal to the Appellate Court for the First District this judgment was affirmed, and appellant has prosecuted this further appeal.

Alexander Sullivan, (Edward J. McArdle, of counsel,) for appellant.

Blaisdell & McCaskill, for appellee.

Mr. Justice Phillips delivered the opinion of the court:

Error is assigned by appellant on the refusal of the trial court to allow its motion, made at the close of plaintiff's evidence, to take the case from the jury, which motion was renewed at the close of all the evidence. The record discloses that the motions were made as alleged, but neither of them was accompanied by an instruction. Such condition of the record presents no legal question

for review in this court as to the refusal of the trial court to grant such motion. Where a motion is made at the close of plaintiff's evidence to take a case from the jury and direct a verdict for the defendant, and is renewed at the close of all the evidence, a written instruction directing such verdict must be presented with the motion. When a written instruction is not so presented and error is assigned on the refusal of the court to give the instruction this court has not before it any legal question for determination. (*Calumet Electric Street Railway Co.* v. *Christenson,* 170 Ill. 383; *Swift & Co.* v. *Fue,* 167 id. 443; *Wenona Coal Co.* v. *Holmquist,* 152 id. 581.) In this case defendant offered a general instruction with its series directing the jury to find for the defendant, but that was not sufficient to bring it within the rule above stated. Its right to assign error upon the refusal to give such instruction at that time was waived by offering it with other instructions. (*Peirce* v. *Walters,* 164 Ill. 560; *West Chicago Street Railroad Co.* v. *Yund,* 169 id. 47; *Gilbert* v. *Watts-DeGolyer Co.* id. 129; *Chicago and Northwestern Railway Co.* v. *Delaney,* id. 581.) The motion, therefore, to take the case from the jury not being accompanied by an instruction so directing the jury, no discussion of the facts in the case is necessary.

It is urged by appellant the trial court erred in giving to the jury the second and third instructions for plaintiff. The second instruction complained of is as follows:

"The court further instructs the jury, that if they believe, from the evidence, that the said Michael Connell, deceased, attempted to cross over the defendant's tracks at or near 1289 Milwaukee avenue, in the city of Chicago, on or about the 29th of June, 1894, as alleged in the plaintiff's declaration or some count thereof, and that while crossing over the same he was struck by one of the defendant's cars and was injured thereby, and that at the time he attempted to cross the same he saw defendant's car coming along said tracks, and that a rea-

sonably prudent man would have reason to believe, from the distance said car was away, there was sufficient time to cross over said tracks safely before said car would reach the place where the deceased was attempting to cross; and if they further believe, from the evidence, that the said Michael Connell, deceased, acted upon that belief, and was using due diligence and care to cross over the defendant's said tracks and get off the same so as to avoid a collision; and if they further believe, from the evidence, that the defendant's servants and agents who were managing said car saw the said Michael Connell, or by the exercise of ordinary care could have seen him, in time, after he started to cross said tracks, to have slowed up its said car and have prevented said collision, then it was their duty to have done so, and a failure to perform such duty would be such negligence upon the part of defendant's agents as would render the defendant liable, provided they further believe, from the evidence, that a failure to check the speed of said car was the proximate cause of said injury, and that the plaintiff's intestate was in the exercise of due care for his own safety at and before the time of collision."

This instruction is objectionable, in some respects, in form, but not seriously so. In substance it tells the jury, if they believe the plaintiff's intestate was injured in a certain manner while he was himself in the exercise of due care and caution, and if they believe the defendant's servants did or omitted to do certain things, the plaintiff is entitled to recover. Either party has the right to have the jury instructed as to his theory of the case.

The third instruction of plaintiff objected to by appellant is on the measure of damages. It tells the jury, if they find the defendant guilty, then, in assessing plaintiff's damages, they should, from the evidence, take into consideration the nature and extent of the injuries of the deceased, his suffering in body and mind, if any, resulting therefrom, and loss of time, if any has been

proven.. This instruction stated the correct rules which should govern a jury in assessing damages where the plaintiff is entitled to recover. This suit was prosecuted under the act of 1872, and not under the act of 1853. There was no error in the trial court giving to the jury this instruction.

It is also urged that the trial court erred in refusing to submit to the jury the question of the cause of death of plaintiff's intestate. Connell, as before stated, died about two years and four months after the injuries complained of. Counsel for appellant, in their brief filed in the Appellate Court and re-filed in this court, say: "It appears that he died from cancer of the liver, or because of abscesses forming on the liver, the doctors not agreeing as to what it was, and also being entirely unable to state what caused the abscesses or cancer of the liver, and hence unable, as they both admit, to tell the cause of his death. In other words, they admitted that they could not say whether the fall caused the death of Connell or not." It was not necessary for the trial court, under the circumstances this case was tried, to present such an issue to the jury. Under the admission of counsel and the instructions given to the jury it is apparent the case was tried on the theory that, if the verdict should be for the plaintiff, he would be entitled to recover for bodily pain, suffering and loss of time of the deceased, occasioned by the injuries.

We are precluded from any discussion as to contributory negligence on the part of the intestate, or the question of appellant's negligence, for the reason they are questions of fact, and in the condition of this record can not be inquired into.

Upon the trial of the cause appellant offered twenty-three instructions, only two of which were refused, one being the general instruction to find for the defendant. The record shows the jury to have been fully and properly instructed.

An examination of this record discloses no errors of law, and the facts having been settled by the judgment of the Appellate Court, that judgment affirming the judgment of the superior court of Cook county is affirmed. ·

*Judgment affirmed.*