## Gardner-Wilmington Coal Company v. Harry Knott, Administrator.

### Gen. No. 4,367.

1. JURY—*presumption as to presence of.* The presumption will be indulged that until the cause has been submitted, the jury is in its proper place in the court room and hears the rulings of the court.

2. INSTRUCTIONS—*must be in writing.* An instruction to disregard

a particular count or counts of a declaration should, by virtue of statute, be in writing.

3. CROSS-ERRORS—*effect of failure to assign.* An appellee cannot contend upon appeal that a particular ruling of the court was erroneous and void where he failed to except thereto and failed to assign cross-errors thereon.

4. COUNTS OF DECLARATION—*what, deemed submitted to jury.* Where the court orally instructs the jury to disregard certain counts of the declaration and the plaintiff does not except to such oral instruction and does not upon appeal, as appellee, assign cross-errors upon such instruction, it will be deemed that the ruling was acquiesced in, and the submission will be considered as having been upon the remaining counts, and upon appeal the case must stand or fall upon such counts.

5. MASTER—*for what, not liable.* A master is not liable for an injury resulting to a servant through the negligent departure by fellow-servants from the usual method in which the work in which he was engaged was performed.

6. FELLOW-SERVANTS—*who are.* Servants of a common master who are employed in the same kind of work, only a few feet apart, with duties such as bring them into frequent association with each other so that they can reasonably be expected to exercise an influence over each other promotive of proper caution, are deemed fellow-servants.

Action on the case for death caused by alleged wrongful act. Appeal from the Circuit Court of Kankakee County; the Hon CHARLES B. GARNSEY, Judge, presiding   Heard in this court at the April term, 1904.  Reversed and remanded.  Opinion filed August 24, 1904.

CHARLES B. CAMPBELL and A. E. SMITH, for appellant.

BERT L. COOPER, for appellee.

MR. JUSTICE VICKERS delivered the opinion of the court.

This is an appeal from a judgment of $3,000 rendered by the Circuit Court of Kankakee county, in favor of Harry Knott, as administrator of James Knott, deceased, and against the Gardner-Wilmington Coal Company for negligently causing the death of appellee's intestate. The declaration, as originally filed, consisted of six counts, and subsequently three additional were filed. A demurrer was sustained to the first and second original counts. The general issue was filed to the remaining counts, and a trial was had before a jury, resulting in the judgment from which this appeal is taken.

Appellee's intestate was killed in appellant's coal mine

on the 30th day of June, 1902, by a blasting shot fired by a miner working in an adjacent room, causing a break through in the pillar of coal separating the two rooms.

A preliminary contention exists concerning the counts of the declaration on which the case was submitted to the jury, which must be settled as a basis for considering the other questions involved. Appellant contends that the case went to the jury on the fifth count of the original declaration only. Appellee insists that the case went to the jury on the third, fourth, fifth and sixth counts of the original declaration and the first, second and third additional counts. This unusual controversy arises out of the following occurrences at the trial : At the close of the evidence appellant offered a written instruction directing a finding for it, which was refused and an exception taken. The instruction made no reference to the different counts in the declaration. After refusing the instruction, the court made an oral ruling as follows: " The court decides that the case can go to the jury alone upon the fifth count of the original declaration, and refuses defendant's motion to take the case from the jury. The court holds that there is no sufficient evidence to go to the jury under the third, fourth and sixth original counts of the declaration and under the first, second and third additional counts; to which ruling of the court and refusal to give said instructions to the jury the defendant, by its counsel, then and there duly excepts."

The court then read to the jury its instructions, in several of which the " declaration " and the " several counts of the declaration " and " some counts " of the declaration are referred to; this is true particularly of the first, second, fourth, fifth and eighth of appellant's instructions. Whether the declaration or any part of it was taken by the jury to its room does not appear from the record. The record is also silent on the question whether the jury was present when this ruling was made, but we are of the opinion that this being a trial by jury and not yet submitted, that the presumption is that the jury was in its proper

place in court. If this ruling is to be regarded as an instruction to the jury to disregard the counts in question, or to find for appellant as to these counts, then there is no doubt the instruction should have been in writing as required by section 53 of the Practice Act (Hurd's R. S., 1903, ch. 110, sec. 53). That the above section of the statute applies to an instruction directing a verdict has been held by the Appellate Court in Ames & Frost Co. v. Stachurski, 46 App. 310, and Swift & Co. v. Fue, 66 Ill. 651, and by the Supreme Court in Swift & Co. v. Fue, 167 Ill. 443; The Hartford Deposit Co. v. Penderson, 168 Ill. 224; Bartelott v. International Bank, 119 Ill. 259; Wenona Coal Co. v. Holmquist, 152 Ill. 581; Calumet E. St. Ry. Co. v. Christenson, 170 Ill. 383. None of these cases go further than to hold that it is error in the court to give an oral instruction to find a verdict. They do not go to the extent of holding that such oral instruction is void and of no binding force on the jury, as contended by appellee.

We are of the opinion that the oral ruling of the court in the case at bar had precisely the same effect on the future progress of the trial as a written instruction directing the jury to find the defendant not guilty on all the counts except the fifth of the original declaration. Appellee had the right to except to this ruling, and by assigning cross-errors obtain a review in this court, but he has not availed himself of this, and having acquiesced in the ruling, he cannot have the benefit of an exception under the claim that the order was void. The case must stand or fall in this court on the fifth count only.

Upon the mistaken notion that the whole declaration was before the jury, appellee has devoted much of his brief to the discussion of questions arising upon the eliminated counts—in fact, appellee predicates his right to recover mainly upon the grounds set forth in the counts not now before us. This observation applies with special force to that portion of appellee's argument respecting the alleged negligence in employing inexperienced and incompetent servants, by whose careless and negligent firing of the shot

appellee's intestate lost his life. There is no charge in the fifth count which renders the evidence upon this point relevant or material. The fifth count charges that " It then and there became and was the duty of defendant corporation to stop and prevent all blasting or use of explosives at places or times dangerous to the said employees, and to not use such explosives at such times and places and in such proximity to the place where the said James Knott was as to endanger the said James Knott; yet not regarding its duty in this behalf the defendant corporation then and there carelessly, wrongfully, negligently and unlawfully, while the said James Knott was then and there lawfully in its said mine and performing his duty as an employee of the defendant corporation while he was in the employ of the defendant corporation, and while he was in the exercise of all due care and caution for his own safety, suffered and permitted divers blasts and large quantities of explosives to be fired, discharged and exploded in close proximity to the said James Knott, whereby and by force of said explosives the said James Knott was severely burned and thrown to and upon the ground and was otherwise severely injured, from which said injuries he then and there died." The charge here that appellant " suffered and permitted divers blasts and large quantities of explosives to be fired in close proximity to James Knott," if it means actionable negligence, implies something more than the mere fact that a servant of appellant fired a shot in close proximity to James Knott and thereby caused his death. In an abstract sense the master may be said to " suffer and permit " every act of his servant in the line of his employment, however carelessly and negligently performed, which the master has not expressly forbidden or prohibited. Yet the books are full of cases where injury results from a negligent act of a servant which the master has " suffered " and " permitted " in this sense, and the master is not liable. In all such cases the injury is proximately attributable to the carelessness of the fellow-servant, and not to the master who merely permitted and suffered the servant to follow the line of employment.

The evidence in the case at bar fails to show that appellant permitted or suffered the firing of the blast in close proximity to the deceased in the sense in which that charge must be understood to predicate actionable negligence upon it.

The method of doing the work in this mine was for the miners to give timely notice to each other when a blast was about to be fired. This method was understood by the deceased as well as by the Italian who fired the fatal blast. When due and timely notice was given, the employees retired to a place of safety until the danger passed, and then returned to their respective places. If a shot was fired without warning and injury followed, it was not because of a defective and negligent method of mining, but because of a negligent departure from the usual and customary method followed in the mine. That the deceased and the Monaris were fellow-servants is, we think, too clear to admit of argument; they were employed in the same mine, doing the same kind of work, only a few feet apart, and their duties were such as to bring them into frequent association with each other so that they could reasonably be supposed to exercise an influence over each other promotive of proper caution. The argument that Monari was engaged at the time in a nondelegable duty is unsound, and cannot receive our sanction. He was simply mining coal, and as an incident to that work he fired the blast in question; in firing the shot he did not represent the master any more than he did in any other work he did in the mine.

It follows from what we have said, that the plaintiff cannot maintain this action on the fifth count of his declaration; whether he can on any other theory of the case we are not called on to decide, but we are disposed to remand the case to give the plaintiff an opportunity to present his case on any other theory that may seem advisable.

Judgment reversed and cause remanded.

*Reversed and remanded.*