Compass Sales Corporation, Appellant, v. National Mineral Company, Appellee.

Gen. No. 41,771.

Heard in the second division of this court for the first district at the June term, 1941. Opinion filed February 10, 1944. Rehearing denied March 9, 1944.

JESS S. RABAN, of Chicago, for appellant; ERNEST C. RENIFF, of Chicago, of counsel.

ADOLPH ALLEN RUBINSON, of Chicago, for appellee.

MR. JUSTICE SULLIVAN delivered the opinion of the court.

This is an action at law brought by plaintiffs, Compass Sales Corporation and Morris I. Pickus, against defendants, National Mineral Company and Louis P. Stein, seeking to recover for the breach of an alleged oral contract under the terms of which plaintiffs were to act as sales counselors for defendant company during the year 1937 for a stipulated fee of $5,000. Plaintiffs filed an amended complaint which included a *quantum meruit* count, which count was withdrawn during the course of the trial. On plaintiffs' motion at the close of all the evidence the cause was dismissed as to plaintiff, Morris I. Pickus, and defendant, Louis P. Stein. At the close of all the evidence National Mineral Company, the remaining defendant, presented

a written motion for a directed verdict and the court reserved its ruling thereon. The cause was then submitted to the jury which returned a verdict finding the issues in favor of plaintiff and against defendant and assessing plaintiff's damages at $1,895.82. Neither party made a motion for a new trial or in arrest of judgment. Plaintiff filed a motion for judgment for $5,000 notwithstanding the verdict. The following judgment order was entered by the trial court: "Ordered that the motion of defendants for a directed verdict at the end of all the evidence be sustained, the verdict of the jury set aside, and judgment entered in favor of defendants; that motion of plaintiff for judgment, notwithstanding the verdict filed October 18, 1940, be overruled." Plaintiff appeals from said judgment order. It will be noted that the judgment order in so far as it pertains to the judgment in favor of defendant is not in proper form but no question is raised by plaintiff in that regard.

The amended complaint alleged in substance that on December 18, 1936, defendant National Mineral Company through Louis P. Stein and Gerald G. Gidwitz, its president and secretary, respectively, entered into an oral contract with plaintiff Compass Sales Corporation, under the terms of which the latter was to act as sales counselor for the defendant company during 1937 for a fee of $6,000, to be paid in instalments of $500 per month in advance; that in keeping with its employment plaintiff corporation entered upon its duties January 1, 1937, and during the year 1937 acted as sales counselor for defendant in a scientific, practical, efficient and faithful manner and rendered all services required; that on February 11, 1937, pursuant to a written memorandum, plaintiff's fee for the year 1937 was reduced to $5,000, payable $416.67 monthly as billed, which amount defendant agreed to pay; that during the year 1937 plaintiff demanded payment of the monthly instalments and upon completion of the

services required made demand upon defendant for payment of the aforesaid sum of $5,000, which defendant failed and refused to pay.

Defendant's answer denied the existence of a contract between the parties as alleged in the amended complaint and also denied all the other material allegations thereof.

Plaintiff contends that the trial court erred in considering and allowing defendant's motion for a directed verdict made at the close of all the evidence and upon which ruling had been reserved, because said motion was not accompanied by a written instruction and because the court ruled on same after the jury had separated. The record discloses that no written instruction accompanied defendant's motion for a directed verdict and that the trial court ruled on said motion after the jury had separated. In so far as we have been able to ascertain neither of these questions has been heretofore presented to or considered by a court of review in this or any other jurisdiction.

In support of its contention that the trial court had no authority to even consider defendant's motion for a directed verdict made at the close of all the evidence and upon which ruling had been reserved, because said motion was not accompanied by a written instruction, plaintiff cites *West Chicago St. R. Co. v. Foster,* 175 Ill. 396, and several other decisions of our Supreme Court. The rule which plaintiff urges precluded the trial court from considering the defendant's motion for a directed verdict because a written instruction was not presented with said motion is stated in the *Foster* case, at pp. 377 and 378:

"Error is assigned by appellant on the refusal of the trial court to allow its motion, made at the close of plaintiff's evidence, to take the case from the jury, which motion was renewed at the close of all the evidence. The record discloses that the motions, were made as alleged, but neither of them was accompanied

by an instruction. Such condition of the record presents no legal question for review in this court as to the refusal of the trial court to grant such motion. Where a motion is made at the close of plaintiff's evidence to take a case from the jury and direct a verdict for the defendant and is renewed at the close of all the evidence, a written instruction directing such verdict must be presented with the motion. When a written instruction is not so presented and error is assigned on the refusal of the court to give the instruction this court has not before it any legal question for determination.''

Thus the *Foster* case clearly enunciates the rule that a defendant will not be permitted to assign error in a court of appellate jurisdiction on the refusal of the trial court to allow his motion for a directed verdict made at the close of all the evidence, if his motion for a directed verdict is not accompanied by a written instruction, because ''when a written instruction is not so presented and error is assigned on the refusal of the court to give the instruction this court has not before it any legal question presented for determination.'' This was the rule prior to the decision in the *Foster* case, and there has been no deviation from it. The situation in the instant case is entirely different from that presented in the *Foster* case and, as will be hereafter shown, the question as to whether or not defendant's motion to direct was accompanied by a written instruction was not involved in the trial court's determination, after the verdict of the jury had been returned, of defendant's motion for a directed verdict, upon which it had reserved its ruling. There is no question here of a defendant attempting to assign error in a reviewing court because of the trial court's refusal to allow his motion for a directed verdict made at the close of all the evidence. In our opinion plaintiff's instant contention is merely an attempt to invoke an inapplicable rule as a bar to a new method of pro-

cedure established by the Civil Practice Act. Subsection 3a of section 68 of said act (par. 192, ch. 110, Ill. Rev. Stat. 1941 [Jones Ill. Stats. Ann. 104.068]) provides as follows:

"Hereafter, in all civil actions at law, in courts of record, if either party shall at the close of the testimony, and before the case is submitted to the jury, request the court for a directed verdict in his favor, the court may reserve his decision thereon, and submit the case to the jury under proper instructions as to the law applicable to such case. After the case is thus submitted to the jury, or after receiving and recording the verdict of the jury and before judgment is entered in said case, the court may hear arguments of counsel for and against said request, but in all such cases where a verdict is rendered, the court shall receive and record such verdict of the jury as rendered. If no verdict is returned, the court may in any event proceed to hear and consider arguments of counsel for and against such request. If the court shall then decide as a matter of law that the party requesting the directed verdict was entitled thereto, the court shall enter its decision on the record and order judgment in accordance with such decision, notwithstanding the verdict entered, or where no verdict is returned, order judgment as if the requested verdict had been directed, and the party against whom such judgment is entered shall have an exception to such action of the court as a matter of course. If such request is denied, an exception in favor of the party making such request shall follow as a matter of course."

The procedure outlined in the foregoing section established a new rule of practice in this State and its purpose was to permit the trial judge to take the time necessary to render a proper decision on a motion for a directed verdict without delaying the trial. (McCaskill, Illinois Civil Practice Act Annotated, p. 166.) After verdict, a motion for a directed verdict made at

the close of all the evidence upon which the court reserves its decision, becomes in effect a motion for judgment notwithstanding the verdict and it will be noted that the statute provides that, if after a hearing on said motion subsequent to the return of the jury's verdict, "the court shall then decide as a matter of law that the party requesting the directed verdict was entitled thereto, the court shall . . . order judgment in accordance with such decision, notwithstanding the verdict."

A mere reading of the section of the Civil Practice Act under consideration indicates that it is concerned with a motion for a directed verdict made at the close of all the evidence and not with a written instruction to direct. After a verdict has been returned and recorded, no possible determination by the trial court of the motion to direct, upon which its ruling had been reserved, could be affected by the failure of the party requesting the directed verdict to present a written instruction to direct with his motion to direct. Since, after the verdict had been returned and recorded, defendant's motion for a directed verdict made at the close of all the evidence and upon which decision had been reserved must necessarily have been considered in the nature of a motion for judgment notwithstanding the verdict, it became immaterial that said motion was not accompanied by a written instruction. Certainly it cannot be held, in view of the new method of procedure established by the Civil Practice Act giving the trial court the right to reserve its ruling on a motion for a directed verdict made at the close of all the evidence, that defendant's failure to present a written instruction with its motion to direct nullified said motion to the extent that the court could not reserve its ruling thereon and decide said motion after the verdict of the jury had been returned and recorded. There is no merit in plaintiff's instant contention.

It is of course the better practice to present a written instruction to direct a particular verdict with a motion for a directed verdict, so that all rights of the proponent of the motion may be protected.

In our opinion plaintiff's contention that the trial court erred in ruling on defendant's motion for a directed verdict after the jury separated does not merit serious consideration. The statute provides in clear, understandable and unambiguous language that the court shall decide such motion upon which ruling has been reserved "after the case is thus submitted to the jury, or after receiving and recording the verdict of the jury and before judgment is entered in said case." Furthermore plaintiff by its stipulation that the jury might seal its verdict and separate agreed that the court might dispose of its reserved ruling on defendant's motion to direct after the jury separated.

Plaintiff next complains about defendant's failure to file an answer to the amended complaint. Plaintiff having been served with a copy of the answer to the amended complaint which defendant intended to but apparently failed to file and having made no objection during the course of the trial because of such failure to file the answer and having participated in the trial, must be held to have waived any right that may have accrued to it by reason of defendant's failure to file its answer.

We have carefully examined plaintiff's theory as stated in its brief and its points and the argument made therein in support of such points. Nowhere in said brief is the propriety of the trial court's ruling sustaining defendant's motion for a directed verdict or the propriety of the judgment entered for the defendant notwithstanding the verdict challenged but, as heretofore shown, its points and argument are confined almost entirely to an attack on the power and authority of the court to make said ruling and enter said judg-

ment. Plaintiff refrains from analyzing or discussing the evidence in the record for the purpose of pointing out, if possible, that the evidence and the reasonable inferences that might be drawn therefrom considered in the aspect most favorable to it, proved or tended to prove, the existence of the oral contract alleged in its amended complaint.

In addition to its challenge of the power and authority of the trial court to make the aforesaid ruling and enter the aforesaid judgment, the only other point really stressed in plaintiff's brief is that "since the verdict of the jury found the issues in its favor, it must necessarily have found that an oral contract did exist between the parties as alleged in the amended complaint." In our opinion plaintiff and its counsel are under a misconception as to the intent of the jury's verdict. It will be recalled that the verdict assessed plaintiff's damages at $1,895.82. While defendant denied the existence of a contract between the parties, there is evidence in the record that it admitted in writing that plaintiff had performed some services for it for which it was willing to pay. It appears quite obvious from the jury's verdict that it did not conclude that plaintiff had proved the existence of the contract alleged but rather that plaintiff had performed some services for defendant which had been accepted and that plaintiff was entitled to what the jury considered reasonable compensation therefor. The jury's verdict was clearly rendered on a *quantum meruit* basis but that issue had been withdrawn from its consideration by plaintiff.

While it is unnecessary for us to discuss the evidence in view of plaintiff's failure to question the propriety of the trial court's ruling that resulted in the judgment in favor of defendant notwithstanding the verdict, we have considered and analyzed all the evidence in the record and are convinced that defendant's motion made at the close of all the evidence for

a directed verdict was properly allowed and that the trial court was warranted in entering judgment in defendant's favor notwithstanding the verdict.

We are impelled to hold that the trial court did not err in sustaining defendant's motion for a directed verdict upon which ruling had been reserved, or in entering judgment in favor of defendant notwithstanding the verdict, or in denying plaintiff's motion for judgment for $5,000 notwithstanding the verdict.

The judgment of the circuit court of Cook county should be and it is affirmed.

*Judgment affirmed.*

FRIEND, P. J., and SCANLAN, J., concur.