E. W. Mills *et al.*

*v.*

Executors of Elizabeth Bland.

1. Continuance—*on amendment of declaration—affidavit.* An affidavit for a continuance by a defendant on the ground of an amendment of the declaration, should show that the party has a meritorious defense to the action, and that he was taken by surprise, and should also state facts from which the court can see that by reason of the amendment the defendant is unprepared for trial, and that at another term a good defense can be interposed.

2. Abatement—*suit brought in the name of a deceased person.* After the death of the plaintiff had been suggested, and her personal representatives substituted and the declaration amended accordingly, and the defendant had filed the general issue, the defendant asked for time to prepare an affidavit showing that the original plaintiff was dead before the suit was brought, which the court refused: *Held,* no error, as the objection could be taken advantage of only by plea in abatement, and that could not be done after pleading to the merits.

Appeal from the Circuit Court of Moultrie county; the Hon. C. B. Smith, Judge, presiding.

Mr. A. B. Lee, and Mr. J. Meeker, for the appellants.

Mr. A. C. Mouser, for the appellees.

Mr Justice Craig delivered the opinion of the Court:

This was an action commenced in the circuit court of Moultrie county, in the name of Elizabeth Bland, for the use of Eugene Bland, against appellants, upon a promissory note. Upon the first day of the term of court to which the

summons was returnable, the attorney for the plaintiff suggested the death of Elizabeth Bland, and the executors of her estate were substituted as parties plaintiff, and an amended declaration was filed, to which the defendants interposed a plea of the general issue.

The defendants then entered a motion for a continuance of the cause, based upon an affidavit as follows: "Erastus W. Mills, being duly sworn, upon his oath says he is one of the defendants in the above entitled cause, and that he is not prepared to proceed to trial, on account of the amendments, at this term, and believes he will be ready at the next term."

The court overruled the motion for a continuance, and this decision is assigned for error. The 26th section of the Practice Act, Rev. Stat. 1874, p. 778, declares: "No amendment shall be cause for a continuance unless the party affected thereby, or his agent or attorney, shall make affidavit, that in consequence thereof, he is unprepared to proceed to or with the trial of the cause at that term, and that he verily believes that if the cause is continued he will be able to make such preparation."

Upon a fair and reasonable construction of the statute we do not regard the affidavit sufficient.

The object of the statute allowing amendments was to enable the parties to obtain a speedy trial upon the merits, untrammeled by technical questions arising upon the pleadings.

The affidavit fails to show that the defendants had any defense whatever, upon the merits, to the action, or that they were taken by surprise by the amendment made to the declaration.

The affidavit, in order to authorize a continuance of the cause, should have contained facts from which the court could have seen that, by reason of the amendment made, the defendants were not then ready for trial, and that at another term of court a meritorious defense could have been interposed to the plaintiff's cause of action.

A different rule from this would defeat entirely the object contemplated by the enactment of the statute.

Another ground of error relied upon is, the decision of the court in refusing defendants time, after the motion for the continuance was overruled, to show by affidavit that Elizabeth Bland died before the suit was commenced.

We do not perceive any error in the action of the court in denying the application ; at most it was addressed to the discretion of the court, and, had the fact been shown, defendants were in no position to take advantage of it, as the fact, if it existed, could only be pleaded in abatement, and this plea defendants could not then interpose, for the reason that they had already filed a plea in bar.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*