ROBERT B. F. PEIRCE, Receiver, *et al.*

*v.*

GEORGE WALTERS.

*Filed at Springfield January 18, 1897.*

1. APPEALS AND ERRORS—*denial of motion for removal of cause to Federal court—question must be preserved by bill of exceptions.* The question whether the trial court properly denied a motion to remove the cause to the Federal court cannot be considered on appeal, where the bill of exceptions fails to include the motion, affidavit or bond, or to show any exception to the denial of the motion.

2. SAME—*party cannot complain of instructions substantially like his own.* A party cannot question the correctness of his opponent's instructions which hold the same rules of law announced in those he requests himself.

3. TRIAL—*peremptory instruction for defendant must be asked in apt time.* A trial court may refuse a peremptory instruction for the

defendant after giving instructions to the jury at his request, which
have been read, and which assumed the existence of the facts nec-
essary to make out plaintiff's case.

4. RAILROADS—*when trespasser injured by railroad company is entitled
to recover.* To entitle a party to recover damages against a railroad
company for personal injury under a declaration admitting that he
was a trespasser, he must prove either a willful injury by defend-
ant, or negligence in avoiding the injury after his perilous position
was discovered.

5. SAME—*duty of engineer to person walking upon a trestle.* The rule
that an engineer is not bound to stop his train the moment he sees
a person upon the track, but may proceed until he discovers that
such person is heedless, does not apply where such person is at the
time upon a bridge of considerable elevation.

*Callaway* v. *Walters*, 63 Ill. App. 562, affirmed.

APPEAL from the Appellate Court for the Third Dis-
trict;—heard in that court on appeal from the Circuit
Court of Coles county; the Hon. FRANCIS M. WRIGHT,
Judge, presiding.

This suit was brought by the appellee, against S. R.
Callaway, receiver of the Toledo, St. Louis and Kansas
City Railroad Company, in the circuit court of Coles
county, to recover damages for a personal injury re-
ceived by being struck by a locomotive. The accident
occurred on a railroad bridge of the company, in June,
1893, the road at the time being in said receiver's hands.
The original declaration consisted of two counts, charg-
ing that the injury resulted from the gross negligence
and willful misconduct of the servants of the receiver.
On the return day the receiver appeared and filed his
petition and bond for the removal of the cause to the
United States Circuit Court for the Southern District of
Illinois, but the petition was denied. Afterwards plain-
tiff amended his declaration by joining Wesley Kemp,
the engineer in charge of the locomotive at the time of
the accident, as a party defendant. On the first day of the
next term the appellant Peirce, successor to Callaway as
receiver, filed a second petition for the removal of the

164—36

o

cause to the United States court, but it was also denied. After making Kemp a party the declaration was further amended, two additional counts being filed. They each, in substance, aver that after the engineer, Kemp, and other servants of the defendant receiver in charge of the train, saw the plaintiff upon the bridge, they could, by the exercise of ordinary care after becoming aware of his position, have brought the train under control and avoided striking and injuring him, but negligently failed to do so. The second of these counts also charges that after seeing him the defendant Kemp, and other servants of the defendant receiver, willfully and wantonly ran the engine upon him. A plea of not guilty was filed, and a trial by jury resulted in a verdict and judgment for the plaintiff for $2500. That judgment having been affirmed by the Appellate Court this appeal is prosecuted.

BROWN, GEDDES & TYLER, (CLARENCE BROWN, of counsel,) for appellants.

HUGHES & HAYES, and J. W. CRAIG, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

It is first insisted the court below erred in refusing to transfer the cause to the Federal court. That question is not presented by this record for our decision, the bill of exceptions containing no motion for such removal, affidavit or bond; neither does it appear that any exception was taken to the denial of the motion. *Merchants' Despatch Transportation Co.* v. *Joesting*, 89 Ill. 152; *Wabash Railway Co.* v. *People*, 106 id. 652.

The other errors assigned question the correctness of the decision of the case upon its merits. The declaration proceeds throughout upon the admission that the plaintiff was wrongfully upon the bridge at the time of the accident, and could only recover by proving that the conduct of the defendants was wanton and willful, or that after

discovering his perilous position they did not exercise ordinary care to avoid the accident. The last two counts are upon the latter theory, and the trial was had upon the issue formed on these counts. Thus, the court instructed the jury, at the instance of the defendants:

9. "You are instructed that if it appears, from the evidence in this case, that the plaintiff was a trespasser upon the track or bridge of the defendant receiver at the time he was struck and injured, then said defendant receiver was not required, and the law did not impose any duty whatever upon his engineer, to discover the plaintiff's presence upon the same, but only required him, after he discovered the plaintiff and had knowledge that he was in a perilous position, to exercise reasonable care and prudence to avoid collision, and if it further appears that the engineer did exercise such care and prudence, and did everything within his power to prevent the train from colliding with the plaintiff after he discovered him, then your verdict must be for the defendants.

10. "The defendants are liable in this case only if the engineer failed to exercise ordinary care to prevent the injury after he became aware of the danger to which the plaintiff was exposed; and by ordinary care is meant such care as would be ordinarily used by a prudent person performing like service under similar circumstances."

Two instructions were given on behalf of the plaintiff, and they each lay down the same rule as to the defendant's liability stated in the foregoing instructions, and correctly announce the law as held in *Illinois Central Railroad Co.* v. *Noble*, 142 Ill. 578, and *Wabash Railroad Co.* v. *Jones*, 163 id. 167. Moreover, it is well settled that the defendants, having asked the court to instruct the jury as they did, cannot now be heard to question the correctness of the instructions given on behalf of the plaintiff to the same effect. (*Consolidated Coal Co.* v. *Haenni*, 146 Ill. 614, and cases cited). A large number of instructions were given at the instance of the defendants, and we think,

with the Appellate Court, that the law of the case was as fully and fairly stated on their behalf as could reasonably be asked.

Whatever may be said as to the weight of the testimony on the question whether the engineer did exercise due care to avoid the injury after he discovered plaintiff, as an original question, it must be conceded that it is foreclosed by the judgment of affirmance in the Appellate Court. Three instructions asked by the defendants were refused, but they did not go to that question of fact, and if they had been free from objection, in view of those given, there would have been no reversible error in their refusal. They did not, however, state the law correctly. The eighth states that an engineer is not bound to stop his train the moment he sees a person on the track, but has the right to presume that such person will leave the track in time to escape danger, and without being negligent may continue to run the train until he discovers that such person is heedless of danger. This instruction ignores the fact that the plaintiff was upon a bridge of considerable elevation, and could not, therefore, step out of danger. A similar instruction was condemned in the case of *Illinois Central Railroad Co.* v. *Slater,* 139 Ill. 190. The seventeenth instruction, which was also refused, was to the effect that if the plaintiff was endeavoring to rescue the little girl that was with him from danger at the time he was struck, he could not recover unless the injury was willfully inflicted. We have already seen that it became the duty of the engineer, upon discovering the perilous position of the plaintiff, to use reasonable care to avoid injuring him, and it is clear that what he may have been doing at the time could in no way lessen that duty,—that is to say, the fact that he may have been attempting to save the child would furnish no excuse for less care on the part of the engineer than if he had been otherwise engaged. What he was doing at the time,— whether attempting to rescue the little girl or doing

nothing,—could only be material in the case as affecting the question whether he used due care for his own safety.

There was submitted by the defendants, with the other instructions, a peremptory direction to the jury to find for the defendants, and it is insisted that the court erred in refusing to give it. The defendants did not, at the close of the plaintiff's testimony nor at the close of all the testimony, ask to have the case taken from the jury nor to have them peremptorily instructed to return a verdict for the defendants, but, as we have seen, submitted the case to the jury upon instructions which assumed the questions of fact necessary to make out plaintiff's case were properly before them. In other words, defendants submitted the case to the jury for their determination upon the facts, thereby conceding that there was a question for their decision. The refusal of the instruction, when asked upon the final submission of the case, was proper, because it sought to take away from the jury all questions of fact and require them to determine, as a matter of law, that there was no evidence before them tending to support the plaintiff's cause of action. If the defendants desired the court to pass upon the legal question as to whether or not there was any testimony before the jury tending to prove the plaintiff's case, and to bring that question before this court for review as a question of law, they should have asked to have the case withdrawn from the jury before the final submission. There was no error in the refusal of this instruction.

The question as to whether the engineer was properly joined with the receiver cannot now be raised, issue having been taken on the declaration so joining him.

In view of the manner in which this case was tried, and the decision of the Appellate Court, no reversible error is here shown.         *Judgment affirmed.*