THE WEST CHICAGO STREET RAILROAD COMPANY *et al.*

*v.*

JOHN YUND, Jr.

*Opinion filed November 8, 1897.*

| 169 | 47 |
| 75a | 172 |
| 75a | 177 |
| 169 | 47 |
| 175 | 398 |

APPEALS AND ERRORS—*when refusal of instruction directing a verdict raises no question of law.* The refusal of an instruction directing a verdict for the defendant does not preserve for review the question of the sufficiency of the evidence to sustain the verdict, where the instruction is not asked at the close of the evidence, but is offered by the defendant after other instructions have been given at his request, submitting the case to the jury.

*West Chicago Street Railroad Co.* v. *Yund*, 68 Ill. App. 609, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. W. G. EWING, Judge, presiding.

EGBERT JAMIESON, and JOHN A. ROSE, for appellants.

JOHN F. WATERS, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

The appellee recovered a judgment against the appellants, in the Superior Court of Cook county, for $5000 damages for personal injuries received while he was a passenger on a car of the North Chicago Street Railroad Company, caused by striking against a horse hitched to and drawing a car in the opposite direction on the West Chicago street railroad. At the place of the accident the tracks of the two appellant companies run parallel with each other. The evidence showed that the space between such tracks was of the width only of three feet and eleven inches, and that the cars, in passing each other, would be only about eleven inches apart. Appellee, who was a boy about fifteen years of age, boarded the grip-car of the North Chicago Street Railroad Company, and just afterward, and while standing upon the foot-board, was struck by the horse, as before stated. It seems that the horse was traveling outside of the rail, leaving insufficient room to clear appellee as the two cars passed each other. The evidence tended to show that appellee was permanently injured, being knocked from the car and injured about the head. The jury returned a verdict for $16,500, but the court required appellee to enter a *remittitur* of $11,500, which being done, the motion for a new trial was overruled and judgment rendered for the balance. This judgment was affirmed in the Appellate Court.

It is earnestly contended here that there was a total failure to prove negligence against the defendants, or at least against one of them, and the judgment being erroneous as to one cannot stand, but must be reversed as to both. This question is sought to be raised by the ruling of the trial court in refusing to give to the jury the two following instructions:

20. "The court instructs the jury to find the defendant the North Chicago Street Railroad Company not guilty.

21. "The court instructs the jury to find the defendant the West Chicago Street Railroad Company not guilty."

If these instructions had been asked in apt time, the refusal to give them would have raised the question of the sufficiency of the evidence to sustain the judgment. But the record shows that the court had given a series of instructions on behalf of the plaintiff and also another series on behalf of the defendants, submitting the facts for determination by the jury, "and thereupon the defendants asked the court to also give the jury the following instructions, numbered 18, 19, 20 and 21," the last two being the instructions in question. The case comes directly within the rule stated in *Peirce* v. *Walters*, 164 Ill. 560, where it was held, in substance, that if the defendant desires the court to pass upon the legal question as to whether or not there is any testimony before the jury tending to prove the plaintiff's case, and to bring that question before this court for review as a question of law, he should ask to have the case withdrawn from the jury before the final submission. Here the defendants had asked, by their instructions submitted to the court to be given to the jury, that the case be submitted to the jury upon the questions of fact, for their determination. It was not, therefore, error for the court to refuse to give the instructions withdrawing such questions of fact from the jury. To properly raise the question it should have been raised at an earlier stage of the case.

Some criticism is made upon the rulings of the trial court in giving to the jury instructions asked by the plaintiff and in the admission of testimony, but after a careful examination we are unable to see that the substantial rights of appellants were in anywise injured or that any material error was committed.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*