## SAMUEL FRANKLIN

*v.*

## IRETUS R. KRUM et al.

*Opinion filed February 14, 1898.*

1. AMENDMENTS—*declaration may be amended at trial by striking out one of the allegations of damage.* A declaration in a suit for breach of a contract to purchase lumber, which alleges that plaintiffs had suffered loss by depreciation in market value of the refused lumber and in re-selling the same at a certain expense, may be amended at trial by striking out the latter allegation of damage.

2. CONTINUANCES—*when affidavit of surprise does not authorize continuance.* An affidavit of surprise, made on amendment of the declaration at trial, which merely states that defendant was surprised, and could make a complete defense if allowed time, but which does not state any fact from which the court can see that defendant can not safely proceed nor any fact which he expects to prove, does not authorize a continuance.

3. TRIAL—*instruction directing verdict should be asked before submitting case to jury.* An instruction directing a verdict may be refused when offered with other instructions submitting the case to the jury, as the question of the failure of proof is one preliminary to the argument and submission to the jury.

4. SAME—*objection that letter is "immaterial" does not raise question of its genuineness.* An objection to the admission of a letter in evidence that it is "incompetent and immaterial" does not raise the question of its genuineness, where it is shown to be written on the letter-head of the party who signs it, and to have been received in due course of mail by the party offering it in evidence.

5. WITNESSES—*when competent to testify as to market value in suit for breach of contract.* In a suit for damages for breach of a contract to buy lumber, witnesses who have some knowledge of the value of lumber are competent on the question of damages, as the extent of their knowledge affects only the weight of their testimony.

6. APPEALS AND ERRORS—*court's action on rebuttal evidence not reviewable in absence of abuse of discretion.* The admission or exclusion of evidence in rebuttal is a matter within the sound discretion of the trial court, which discretion will not be reviewed on appeal, in the absence of abuse thereof.

7. INSTRUCTIONS—*substantial repetitions of given instructions may be refused.* Instructions which are substantial repetitions of other instructions given at the instance of the same party may be refused.

*Franklin* v. *Krum*, 70 Ill. App. 649, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. ARTHUR H. CHETLAIN, Judge, presiding.

PAM & DONNELLY, for appellant.

SMILEY & CLARK, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On March 3, 1893, appellant contracted to take from appellees one million feet winter-sawed basswood lumber, one inch thick, log run, mill culls out, to run in certain percentages as to quality and length, to be delivered at appellant's factory in Chicago, beginning as soon as the earliest sawed should be in shipping condition, about April or May, and all to be delivered and received, as near as possible, to suit appellant's convenience, by November 1, 1893; payments to be made on the tenth of each month for invoices of the previous month, in cash, with two per cent discount, or in ninety day paper, at $17.50 per thousand feet. Shipments were begun, and continued during the months of May, June and July. Eight car-loads, making 100,500 feet, were delivered and paid for. On August 1 appellant ordered appellees to cease shipping, and from that time refused to receive any more lumber under the contract. On January 10, 1894, this suit was brought by appellees to recover damages for the refusal to receive the lumber. The trial was before a jury and resulted in a verdict of $1500, upon which judgment was entered, and the judgment has been affirmed by the Appellate Court.

The first alleged error urged upon this court is the action of the trial court in permitting an amendment of the declaration at the trial. The declaration, as framed, alleged that plaintiffs suffered loss in the depreciation

of the market value of the refused lumber, and that they were obliged to sell the same at an expense of re-sale of $500. The amendment consisted in striking out the averment that they were obliged to re-sell the lumber at an expense of $500. It merely struck out one of the grounds of damage alleged, and was properly allowed.

When the amendment was made, defendant filed his affidavit that he was surprised by it, and not prepared to proceed with the trial of the cause. He therefore moved for a continuance, but the court denied the motion, and this is the next ground of complaint. The affidavit did not state any fact from which the court could see that defendant could not proceed with the trial, or any fact that he expected or hoped to prove if the cause should be continued. It merely stated a feeling of surprise on his part, and that he could make a complete and absolute defense to the cause of action if given a reasonable opportunity to make proper preparation for such defense. It was insufficient to authorize a continuance. *Mills* v. *Executors of Bland*, 76 Ill. 381.

It is next claimed that plaintiffs did not show that they were ready, able and willing to deliver the lumber in accordance with the contract, and did not prove the tender of the same averred in their declaration. There is considerable discussion of these questions, apparently on the ground that they are proper for consideration here because the trial court refused an instruction to find the issues for defendant. Such an instruction was asked in the series of instructions under which the case was given to the jury for their determination upon the facts. The legal question whether there has been a failure of proof, so that the court should order a particular verdict, is a preliminary one to the argument and submission to the jury, which must be first raised. It was not error to refuse the instruction when offered as it was in this case. *Peirce* v. *Walters*, 164 Ill. 560; *Vallette* v. *Bilinski*, 167 id. 564; *Chicago and Northwestern Railway Co.* v. *Delaney*, 169 id. 581.

Some rulings of the court in the admission and rejection of evidence during the trial are complained of. One of these rulings was in permitting witnesses for the plaintiffs to testify to the market value of lumber in Chicago, who, it is claimed, were not competent to express an opinion upon that subject. They all had some knowledge of market values, and were competent witnesses, and the extent of their knowledge only affected the weight to be given to their testimony by the jury. As to one of these witnesses, the plaintiff James Fraser, it is claimed that the court erred in not permitting the defendant to cross-examine him as to what his firm paid for the lumber contracted to defendant. That inquiry was not relevant to the question under investigation, and it was immaterial what price was paid. *Kadish* v. *Young*, 108 Ill. 170.

It is argued, however, that while defendant had no right to inquire into that subject considered as a fact, yet it was proper to ask the question to test the knowledge of the witness of market values. The purchase by plaintiff was at Thorpe, Wisconsin, and the question had no tendency either to fix market values in Chicago, or to aid in determining whether the witness knew what market values there were or not.

It is also urged that the court erred in admitting the testimony of three witnesses in rebuttal. That was in the discretion of the court, and there was no abuse of such discretion.

Complaint is also made that the court refused defendant the privilege of cross-examining Fraser as to all sales of lumber by his firm to different persons, to ascertain whether his testimony that they had the lumber on hand for sale to the defendant was true, and that the ground of the ruling was, that plaintiffs were not bound to show that they were ready and able to deliver the lumber. The question asked to which objection was sustained was, whether the books of the firm would show the dis-

position of the one million feet of lumber. The court was right in sustaining the objection, if it should be conceded that the reason given was wrong; but it was not adhered to, and the books were afterward produced, and the court, with great leniency toward defendant, permitted him, by a lengthy cross-examination, to go over the whole subject of the sales and the prices realized. So far as the question of readiness and ability to deliver the lumber was concerned, the court, by the tenth instruction, told the jury that before plaintiffs could recover they must show that they were ready, able and willing to perform their part of the contract in accordance with the terms thereof. There is no ground for complaint on that score.

Another ruling complained of, was the admission in evidence of two letters purporting to have been written by defendant to plaintiffs. They were shown to be written on the letter-heads of defendant, and received in due course of mail by plaintiffs. When the first letter was offered, the only objection made was, "objected to as immaterial," and when the second was offered, the objection was "as incompetent and immaterial." By the letters defendant refused to receive any more lumber, and they were unquestionably material. The ground of error now alleged is, that the signature of defendant to the letters was not proved to be genuine. The objection made did not raise that question, which called for a specific objection, so that if further proof was required it might be supplied. Defendant afterward showed that he was bound by the letters, which were written in his name by the manager of his office and correspondence.

The action of the court in giving and refusing instructions is also complained of. Two instructions were given on the part of plaintiffs, and they were correct in every particular. The court gave sixteen offered by defendant, which covered the questions raised by way of defense very completely. The complaint is that the court re-

fused to give four more, to which attention is particularly called, on the same subject covered by those which were given and to the same purport. The first two of these were fully covered by instruction 10 before referred to, and the last two were repetitions of instruction 13, which was given.

There is no error in the record, and the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*