AUGUSTINE W. WRIGHT *et al.*

*v.*

GEORGE AVERY, Admr.

*Opinion filed April 21, 1898.*

1. WAIVER—*introducing evidence after refusal to exclude plaintiff's evidence is a waiver.* By introducing his evidence the defendant waives his former overruled motion to exclude the plaintiff's evidence and instruct the jury to find the defendant not guilty.

2. TRIAL—*peremptory instruction asked in series comes too late.* An instruction directing a verdict is properly refused when asked as one of a series which submits the case to the jury upon the facts, and its refusal, in such case, does not preserve as a question of law the sufficiency of the evidence to sustain a verdict for the plaintiff.

*Wright* v. *Avery,* 70 Ill. App. 507, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Will county; the Hon. DORRANCE DIBELL, Judge, presiding.

HILL, HAVEN & HILL, (DARROW, THOMAS & THOMPSON, of counsel,) for appellants.

REYNOLDS & PURKHISER, and JOHN C. PATTERSON, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

The Appellate Court has affirmed a judgment against appellants in an action on the case brought in the circuit court of Will county by appellee, as administrator of the estate of William Freeman, deceased, to recover damages for injury to the means of support of his next of kin, accruing to them by reason of the alleged negligent killing of said Freeman.

Appellants were contractors on the Sanitary Drainage Canal, and deceased was killed by a stone thrown from a blast fired by the servants of appellants. The blast was fired on section 15 of the canal, and the deceased was

working on section 14 immediately adjoining, but under the direction of a different superintendent. The only controversy in the case is, whether or not the proper or necessary signals were given by appellants that the blast was about to be fired, so as to warn persons in the vicinity to get out of the way and avoid the danger. The jury not only found a general verdict for plaintiff, but found specially that no signal or warning of danger was given.

It is insisted that there was no sufficient evidence given on the trial to support the verdict and finding of the jury, or the judgment rendered thereon, and that this court should review the evidence to determine that question. The judgment of the Appellate Court is conclusive upon questions of fact in cases of this character, and the question of law sought to be raised here is not, under the decisions of this court, presented by the record.

After the trial court had overruled the motion of the defendants below, made at the close of the plaintiff's evidence, to exclude the evidence and to instruct the jury to find the defendants not guilty, the defendants waived their motion by introducing testimony on their behalf. After the court had given to the jury a series of instructions, some at the request of the plaintiff and others at the request of the defendants, submitting the facts to the jury for their decision, the record shows that "thereupon the defendants moved the court to further instruct the jury as follows: '13. Under the pleadings and proof in this case the defendants are entitled to a verdict of not guilty from the jury, and the jury will so find.'" This instruction came too late, and was properly refused for that reason, if for no other, and its refusal does not present for decision the question sought to be raised by appellants. *Peirce* v. *Walters*, 164 Ill. 560; *Vallette* v. *Bilinski*, 167 id. 564.·

Minor criticisms have been made on a few other instructions, but we find no error in them.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*