THE CHICAGO GREAT WESTERN RAILWAY COMPANY

*v.*

WILLIAM MOHAN.

*Opinion filed October 19, 1900.*

| 187 | 281 |
| 93a | [1]141 |
| 187 | 281 |
| f191 | 243 |
| 187 | 281 |
| 208 | 499 |

PRACTICE—*time when peremptory instruction should be presented.* In order that the refusal of a peremptory instruction to find for the defendant may be preserved for review, on appeal, the instruction should be presented at the close of the plaintiff's evidence or at the close of all the evidence, and not as one of the series submitting the case to the jury.

*Chicago Great Western Ry. Co.* v. *Mohan,* 88 Ill. App. 151, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding.

HENRY A. GARDNER, and HENRY L. STERN, (SIGMUND ZEISLER, of counsel,) for appellant.

WING & CHADBOURNE, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

Appellee obtained a judgment against appellant in the circuit court of Cook county, which has been affirmed by the Appellate Court for the First District.

The chief complaint made in this court is that the trial court refused to hold, as a matter of law, that the plaintiff was guilty of contributory negligence, and appellant contends that question is preserved by the refusal of the following instruction: "The jury are instructed to find the defendant not guilty." We are of the opinion the instruction and the refusal thereof do not preserve the question sought to be raised by appellant. It appears from the abstract the defendant asked thirty-seven instructions, numbered 1 to 37 inclusive, which were given; also eight instructions, numbered 1 to 8 inclusive, which were refused. The instruction directing the jury to find the defendant not guilty is the first of the refused instructions. The refused instructions appear in the abstract after those given, and were apparently asked and refused at the same time as the given instructions. If a party desires to rely on a peremptory instruction to find for the defendant, such instruction must be asked at the close of the evidence for the plaintiff or at the close of all the evidence. It is too late to submit an instruction of that character with a series of other instructions. *Peirce* v. *Walters*, 164 Ill. 560; *Vallette* v. *Bilinski*, 167 id. 564; *Calumet Electric Street Railway Co.* v. *Christenson*, 170 id. 383; *Chicago, Burlington and Quincy Railroad Co.* v. *Murowski*, 179 id. 77.

The objection is also made that the court excluded proper evidence. It is sufficient to say, as did the Appellate Court, that in the respects complained of no exception was taken by the appellant to the exclusion of the evidence.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*