Annie O'Hern, Administratrix, Plaintiff in Error, v. Chicago City Railway Company, Defendant in Error.

Gen. No. 14,430.

1. CONTRIBUTORY NEGLIGENCE—*when question of law.* The question of contributory negligence becomes one of law for the court only where from the facts admitted or conclusively proven there is no reasonable chance that reasonable minds would reach different conclusions as to negligence.

2. CONTRIBUTORY NEGLIGENCE—*when person seeking to cross in front of street car guilty of.* A person who sees the approach of a street car and deliberately seeks by running to pass in front thereof, if injured is barred of recovery by his contributory negligence.

3. CONTRIBUTORY NEGLIGENCE—*effect of, to bar recovery.* Notwithstanding a defendant may have been guilty of negligence, the plaintiff cannot recover if he was not in the exercise of ordinary care for his own safety.

4. APPEALS AND ERRORS—*when ordinance no part of record.* An ordinance contained in the transcript but not set forth in or properly made a part of the bill of exceptions, is not a part of the record and will not be considered on review.

5. APPEALS AND ERRORS—*effect of absence of exception.* A ruling of the trial court not excepted to is not subject to review upon appeal.

Action in case for death caused by alleged wrongful act.  Error to the Circuit Court of Cook County; the Hon. JULIAN .W. MACK, Judge, presiding.  Heard in the Branch Appellate Court at the October term, 1908.  Affirmed.  Opinion filed October 29, 1909.

C. S. O'MEARA, for plaintiff in error.

JOHN E. KEHOE and C. LE ROY BROWN, for defendant in error; JOHN R. HARRINGTON, of counsel.

MR. JUSTICE SMITH delivered the opinion of the court.

The questions presented on this record are whether the trial court erred in its rulings on evidence or in directing a verdict of not guilty at the close of plaintiff's evidence, in an action on the case for negligence.

The evidence shows that plaintiff's intestate was killed at the intersection of Fifty-first street and Union avenue in the city of Chicago, by a street car operated by defendant in error, on the night of September 4, 1903.  The night was dark, and there were no lights or street lamps of any kind at the crossing.  A person could be seen only a few feet away.  The deceased had been visiting Deyo, a saloonkeeper, in his saloon at the southeast corner of the streets named.  It was a few minutes after twelve o'clock at night and the last street car of defendant in error going west was about due.  O'Hern, the deceased, said he wanted to take the last car home and left the saloon to take this car.  Deyo accompanied him to the sidewalk in front of the saloon on Union avenue.  They stood there conversing for a few minutes when they heard the bell of the car.  O'Hern said to Deyo, "Here comes my car;" and Deyo replied, "That is the last car, John."  O'Hern left Deyo and started to go to a point on the west side of Union avenue and north of the north or westbound track.

There were two car tracks on Fifty-first street; which runs east and west. O'Hern started with a "little hop, skip and jump," according to Deyo's testimony, but later when the car was getting near to him Deyo noticed he was walking, and fearing he was not going to get across the track, Deyo called out to him, "Look out, John." O'Hern then "started to go a little faster, and tried to hurry across it, but it caught him before he got across."

While O'Hern and Deyo were standing on the sidewalk, the witness Fagan passed east on Fifty-first street. Fagan was acquainted with O'Hern and spoke to him as he passed him. As he was leaving he heard O'Hern make the remark, "Here comes my car." Fagan passed on east on the south side of Fifty-first street, and noticed the car coming near Sherman street, a short block or half a block east of Union avenue. Fagan says he heard Deyo say: "He won't catch that, he won't make it, or something to that effect." Fagan thereupon turned around and saw O'Hern running. He had crossed the south track and was on the north track about fifteen feet east of the crosswalk when the car struck him. The car was stopped with its front end about thirty feet west of the crosswalk.

Both of these witnesses testified that the car was lighted and that its headlight was burning. Deyo saw the reflection of the light on the rails of the track. The car was running fast, the estimated speed being about fifteen or sixteen miles an hour. It was a small open summer car, and its rattling was plainly heard as it moved.

The main argument in support of the errors assigned is devoted to the proposition that the court erred in directing a verdict of not guilty.

In passing upon this question we must assume the evidence offered on behalf of the plaintiff, with all reasonable inferences in favor of the plaintiff to be drawn from it, are true. The evidence itself is consistent, uncontradictory and clear. The inferences to be drawn

from it are therefore more obvious and conclusive and, it may be said, we think, that all doubt as to the ultimate facts proven is eliminated.

The declaration and each count thereof alleges, as the law requires, that plaintiff's intestate was in the exercise of due care for his own safety. This is an essential averment of the declaration and must be proved on the trial in order to justify a recovery. This proof need not be made by direct evidence, but if it can be inferred from any proof made in the case that O'Hern was exercising due care for his own safety, the question of contributory negligence was a question of fact for the jury, and not a question of law for the court. In actions of this character the question of contributory negligence on the part of the plaintiff, or plaintiff's intestate, becomes a question of law for the court only where from the facts admitted or conclusively proven, there is no reasonable chance that reasonable minds would reach different conclusions as to negligence. Heimann v. Kinnare, 190 Ill. 156; Cicero & P. St. Ry. Co. v. Meixner, 160 id. 320; T. H. & I. R. R. Co. v. Voelker, 129 id. 540. The rule is otherwise stated in Chicago & Joliet Ry. Co. v. Wanic, 230 id. 530, as follows: "The question of contributory negligence is ordinarily one of fact for the jury, and only becomes one of law where the undisputed evidence establishes that the injury resulted from the negligence of the injured party. If there may be a difference of opinion on the question so that reasonable minds will arrive at different conclusions, then it is a question of fact for the jury. (Chicago City Ry. Co. v. Nelson, 215 Ill. 436.)"

We think that all reasonable minds would conclude from the evidence in this case that O'Hern knew that the car which struck him and caused his death was coming. The taking of that car had been a matter of special consideration and mention by him before the accident. He knew it was the last car for him to take that night to go to his home, and he knew that it started from Wallace street a short distance east of Union

avenue. When the sounding of the gong signalled its approach he expressly announced to Deyo and Fagan that it was coming, and immediately started in haste to reach the place where he must take it before the car should arrive there. As he traveled the eighty or ninety feet from the point where he started to the place where the car struck him, he had an unobstructed view of the car with its lights. The movement of the car made a loud rattling noise. The car was therefore plainly to be seen by him and heard by him. Reasonable men can reach only one conclusion that before he turned north and stepped upon the north or westbound track he must have known of its close proximity to him not only from the above facts but from the warning shouted to him by Deyo. This inference is further warranted by the fact that he quickened his gait from a fast walk to a run at this point. That he knowingly incurred the danger of being struck by the car when he dashed in front of it, is the only inference from the facts proven, whatever may have been his hopes of reaching a place of safety on the other side of the track. The only inference, in our opinion, which can be drawn from this evidence is that O'Hern was guilty of a failure to exercise ordinary care for his own safety.

The evidence fails to show, or to give the slightest foundation for the inference, that during the time that O'Hern was traversing the eighty or ninety feet along the south track and then over upon the north track, with the knowledge that the car was approaching, he took any precaution to learn how near the car was to him before he tried to cross the north or westbound track on which the car was running. This was contributory negligence because there were no circumstances which excused his failure to look at that time. It is quite likely that O'Hern thought that he could cross the track ahead of the car in his desire to stop the car and ride to his home on it. His act, however, is to be judged, not by what was running in his mind, but by what he knew, and therefore had reason to expect; and

so considered, it is apparent he did not exercise ordinary care, but was guilty of contributory negligence. Illinois Cent. R. R. Co. v. James, 67 Ill. App. 649. Taking the most favorable view of the evidence for the plaintiff, the indisputable facts remain that O'Hern knowingly and negligently undertook to cross the track in front of the car and was struck by it in the attempt, and these facts preclude a recovery. We think that deceased "was so clearly and palpably negligent that all reasonable minds would so pronounce it without hesitation or dissent. In such cases the court may so pronounce it as a matter of law by instructions to the jury." Hoehn v. C. P. & St. L. Ry Co., 152 Ill. 223-229; Lake St. Elevated R. R. Co. v. Gormley, 108 Ill. App. 59; Lee v. Chicago City Ry. Co., 127 *id.* 511.

Savage v. Chicago & Joliet Elec. Ry. Co., 238 Ill. 392, is cited on behalf of plaintiff in error and relied upon, to the effect that under the circumstances and facts of that case /the court could not say, as a matter of law, that the deceased was guilty of negligence, and that the case at bar is similar in all respects to that case. We see clear distinctions between that case and this, although some of the facts in the cases are similar; and we do not think it is an authority for the contention that the contributory negligence of the deceased in this case was a question for the jury.

It may be conceded that there is evidence tending to show that defendant in error was operating its car negligently. But this fact, if it be a fact, does not relieve the plaintiff in the case from proving the exercise of due care on the part of deceased, as averred in the declaration, nor does it affect in any way that question.

It is urged that the trial court erred in excluding the testimony of Deyo to the effect that the car was going at full speed, and Chicago City Ry. Co. v. McDonough, 221 Ill. 69, is cited in support of the contention. We do not understand that the McDonough case holds that such evidence is admissible. It holds rather that under the state of the evidence in that case it was not

reversible error to admit the evidence, other witnesses having testified more specifically as to the speed of the car. But whether the ruling was erroneous or not, the witness was asked immediately afterwards to state how fast the car was going and answered, "I don't know, I should judge the car was going fifteen or sixteen miles an hour," and this testimony was allowed to stand. In our opinion, there was no reversible error in excluding the testimony.

The court excluded a city ordinance requiring street cars to stop at street intersections, and the ruling is claimed to be erroneous. In the first place, the bill of exceptions does not contain the ordinance or any statement of its substance. We find attached to the record what purports to be sections of an ordinance marked "Plaintiff's Ex. B. for identification." This is not attached to the bill of exceptions, except that the original bill of exceptions is made a part of the record by stipulation and a certified copy of these sections is attached to the record. This is not sufficient to make it a part of the record. City of Chicago v. South P. Comm'rs., 169 Ill. 387. But waiving that point, and considering the copy of the sections as properly in the bill of exceptions and a part of the record, no exception was preserved to the ruling of the court excluding the ordinance, and therefore no question is presented for review in this court. Chicago Great Western Ry. Co. v. Mohan, 187 Ill. 281; McGuire v. Gilbert, 180 id. 96. We do not mean by this to intimate that there was any error in excluding the evidence.

Finding no error in the record the judgment is affirmed.

*Affirmed.*

Mr. Justice MACK took no part in the decision of this case.