### C. A. Eastman, Defendant in Error, v. MacBride Coal & Coke Company, Plaintiff in Error.

### Gen. No. 15,344.

VERDICTS—*when not disturbed.* If substantial justice has been done and no error of law or fact appears, a reversal will not be awarded.

Error to the Municipal Court of Chicago; the Hon. ISADORE HIMES, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1909. Affirmed. Opinion filed March 3, 1911. Rehearing denied March 10, 1911.

POMEROY & MARTIN, for plaintiff in error.

MUSGRAVE, PLATT & LEE, for defendant in error.

MR. JUSTICE CLARK delivered the opinion of the court.

Plaintiff in error made a contract with defendants in error for "About 1,000 tons of Pocahontas egg coal and 70 tons of Pocahontas lump coal, shipments to begin July 15, 1907, not faster than two cars per day." The contract consisted of an order and an acceptance. On this contract three cars were shipped, amounting to about 106 tons. Some complaint was made about the quality of the coal in the last two cars shipped, which amounted to about 63 tons, and an allowance was made by the plaintiff in error of five cents per ton on one car. The contract had the usual provision requiring prompt payment and retaining in the vendor the right to cancel the contract as to future deliveries if such payment was not made. Payment for the first car seems to have been made under the terms of the contract, or soon thereafter, and was accepted by the plaintiff in error without objection. Payment for one of the other two cars was made some time after it was due, but the delay in payment seems to be accounted

for by the dispute as to the quality of the coal, and plaintiff in error by the allowance on the purchase price apparently admitted that there was ground for such complaint. The car that was sent to Iowa was also claimed not to be of the quality required under the contract and was refused by the defendant in error and was otherwise disposed of by the plaintiff in error or abandoned to the railroad for charges.

The jury found a verdict of $600 damages, because of the non-delivery by the plaintiff in error to the defendant in error of the full amount of coal contracted for. No complaint was made of instructions given by the court.

The principal grounds asserted by plaintiff in error why the judgment should be reversed are that the plaintiff did not prove that it was not in default under the contract; that there was no evidence of a breach of the contract by the defendant; that the evidence does not show the amount of the shortage under the contract, and that the court admitted improper evidence on behalf of the plaintiff.

We have carefully examined the record for errors in these respects and are of the opinion that no error was committed. The rule laid down by the Supreme Court as to the measure of damages and as to what constitutes proper proof of market value was observed. (Franklin v. Krum, 171 Ill. 378.) It follows from what has been said that the judgment must be affirmed.

*Judgment affirmed.*