George Fisher, Administrator of the Estate of Blanch Hopson Fisher, Deceased, Appellant, v. Russell Wittler, Appellee.

Gen. No. 8,936.

Opinion filed April 17, 1936.

WILSON & SCHMIEDESKAMP, of Quincy, for appellant.

LANCASTER & NICHOLS, of Quincy, for appellee.

MR. PRESIDING JUSTICE DAVIS delivered the opinion of the court.

This suit was commenced in the circuit court of Adams county to recover damages occasioned by the death of Blanch Hopson Fisher, plaintiff's intestate, alleged to have been caused by the negligent conduct of the defendant, Russell Wittler.

Upon a trial of said cause the jury returned a verdict of not guilty, and the court after denying a motion for a new trial entered judgment upon the verdict in bar of the action. Appellant perfected an appeal to this court, and the cause was submitted at the October, 1935, term.

Owing to a misprision of the clerk of the circuit court in writing the record in said case, no final judgment was entered, and this court being without jurisdiction to hear and determine the matters involved in said appeal, on November 16, 1935, in vacation after said October term, entered an order dismissing said appeal.

On November 29, 1935, appellant filed his motion with suggestions in support thereof, praying this court to vacate and set aside its order dismissing the appeal entered on November 16, 1935, and to reinstate said cause, and to permit appellant to suggest a diminution of the record and to file in this court as of July 2, 1935, the date of the filing of the original transcript of the record in this court, an amended and supplemental transcript of the record of the proceedings in said cause in the circuit court of Adams county, had on November 23, 1935, duly certified by the clerk of said court, including the order entered by said court on that day amending its judgment entered on January 21, 1935, *nunc pro tunc* as of said day, and the notice given and showing made for said amendment, and the said judgment of January 21, 1935, as amended, and also an abstract of said amended and supplemental transcript of record and that this court hear said cause upon the merits.

Appellant also filed a petition for a rehearing of said cause on December 2, 1935, containing the same prayer for relief as prayed for in said motion. Said petition for rehearing and motion came on for hearing and no objections having been filed to the granting of said motion, and the court having found that a transcript of the record in said cause duly certified under the hand of the clerk and the seal of said court was filed in this court on July 2, 1935, that although an order of dismissal of said appeal was entered in said cause on November 16, 1935, the court had jurisdiction of said cause, that the circuit court of Adams county, upon due notice to appellee, amended said judgment of

said court entered on January 21, 1935, and that said petition for rehearing and motion should be granted, an order was entered granting said petition for rehearing and motion and reinstating said cause and permitting an amended and supplemental transcript of record to be filed *nunc pro tunc* as of date July 2, 1935, with an abstract thereof and ordering that said cause be taken for decision upon its merits in accordance with the order of submission entered at the October term, 1935, of this court.

Plaintiff in his complaint alleges that the defendant was driving an automobile in a northerly and northeasterly direction over a public highway in Adams county, Illinois, known as Route Number 36, on which was a hard or concrete road 18 feet in width, at a point about four miles northeast of the City of Mendon, in said county, and that plaintiff was driving an automobile in the same direction ahead of and in front of said automobile driven by defendant, and in said automobile, driven by plaintiff, Blanch Hopson Fisher was riding as a passenger.

That while plaintiff and his intestate, Blanch Hopson Fisher, were riding in plaintiff's automobile with due care and caution for the safety of plaintiff's intestate defendant drove his automobile violently against and collided with the rear of said automobile in which plaintiff and his said intestate were riding, and plaintiff's automobile was thereby upset and turned over and caught fire, and injuries were inflicted upon plaintiff's intestate from which she died on September 1, 1934, within one year from the commencement of this suit.

The negligent acts charged against defendant were:

(a)  A charge of general negligence.

(b)  That defendant negligently failed to keep or exercise a proper watch or lookout.

(c)  That the defendant negligently and carelessly drove his said automobile at a speed greater than was then and there proper having regard to the traffic and

the use of the way, and contrary to the statutes of the State of Illinois.

(d)   That the defendant carelessly and negligently drove his said automobile upon said highway at a speed exceeding 45 miles per hour and at, to wit, 60 miles per hour, and contrary to the statutes of the State of Illinois.

It is further alleged in the complaint that the said Blanch Hopson Fisher left surviving her, the plaintiff, her husband, and no child or children, or any descendant or descendants of any deceased child or children.

That at all times mentioned plaintiff and plaintiff's intestate were free from any negligence contributing to her injury or death.

The defendant answered denying that the plaintiff exercised due care and caution for the safety of said Blanch Hopson Fisher, and denied that Blanch Hopson Fisher was in the exercise of due care and caution for her own safety; and charged that they were guilty of negligence which was the proximate cause of said accident; that the automobile driven by plaintiff, in which intestate was riding, did not exhibit any light lamp so situated as to throw a red light visible in the reverse direction from which said automobile was proceeding; denied that defendant drove his automobile violently against and collided with the rear end of said Fisher automobile; denied each and all the allegations in paragraph 3, subsections "a," "b," "c" and "d" of the complaint.

The plaintiff replied denying that Blanch Hopson Fisher and the plaintiff were guilty of negligence which was the proximate cause of the accident, and denied that the automobile, which was driven by plaintiff and in which plaintiff's intestate was riding, did not exhibit any lighted lamp so situate as to throw a red light visible in the reverse direction from which said automobile was proceeding.

At the close of plaintiff's evidence the defendant made a motion in writing, as follows: "The defend-

ant, Russell Wittler, by Lancaster & Nichols, his attorneys, at the close of the plaintiff's evidence moves court to instruct the jury to find the issues for the defendant.''

The court, after hearing said motion, ordered that said motion be sustained as to the third and fourth counts, counts ''c'' and ''d'' of the complaint, and overruled said motion as to the first and second, counts ''a'' and ''b'' of the complaint. The record shows that the hearing on this motion and the ruling thereon by the court was out of the presence of the jury. No instruction was given the jurors at that time, either orally or in writing, informing them that no recovery could be had upon said counts 3 and 4 of the complaint.

At the close of all the evidence the defendant made the following motion in writing: ''The defendant, Russell Wittler, by Lancaster & Nichols, his attorneys, at the close of all the evidence moves the court to instruct the jury to find the issues for the defendant,'' which motion was refused by the court.

Over the specific objection of the plaintiff the court gave to the jury the following instruction: ''The court instructs the jury that there is no legal evidence to support these two charges that the defendant drove his automobile at a greater rate of speed than was allowed by the Statutes of the State of Illinois, and in considering your verdict you will disregard any evidence in regard to those two charges in the declaration,'' which was given to the jury with a series of other instructions submitting the case to the jury upon the facts.

The jury returned a verdict finding the defendant not guilty and, after overruling a motion for a new trial, the court entered a judgment for defendant and in bar of the action.

Among the errors relied upon by plaintiff for a reversal of said judgment are: The court erred in sustaining defendant's motion for a directed verdict as to charge ''c'' of negligence in the complaint. The court erred in giving to the jury the above instruction.

When a motion is made at the close of plaintiff's evidence to exclude the evidence and to instruct the jury to return a verdict finding the issues for the defendant for the reason that said evidence is insufficient in law to support the cause of action set out in the complaint, and thus present the question of law to the court, whether or not there is any evidence in the record which, if accepted as true, fairly tends to support the plaintiff's cause of action, it must be accompanied by a written instruction conforming to the motion, and if the court sustains the motion, the instruction should be given to the jury, and it is too late to submit an instruction to find for the defendant with a series of other instructions submitting the case to the jury upon the facts. *Chicago Great Western Ry. Co. v. Mohan,* 187 Ill. 281; *Peirce v. Walters,* 164 Ill. 560; *Central Ry. Co. v. Knowles,* 191 Ill. 241; *Ewen v. Wilbor,* 208 Ill. 492.

Section 68 of the Civil Practice Act, ch. 110, ¶ 196 (3) a, Ill. State Bar Stats. 1935, which authorizes the trial court to reserve its decision on a motion for a directed verdict at the close of the testimony until after verdict, in no way alters the rule of law which requires the court, on motion made at close of plaintiff's evidence, to direct a verdict in favor of the defendant when the plaintiff has failed to prove the allegations of the complaint and not reserve its decision until after verdict. *Herbst v. Levy,* 279 Ill. App. 353.

If there is no evidence tending to support a particular count of the complaint, the defendant, if he wishes to be in a position to take advantage of that fact, should present to the court a written instruction that there can be no recovery upon such count, with a request that the same be given to the jury. *Kennedy v. Aetna Life Ins. Co.,* 242 Ill. 396; *Pittman v. Chicago & E. I. R. Co.,* 231 Ill. 581.

The record disclosed that at the close of the plaintiff's evidence the defendant made a motion for a di-

rected verdict in his favor, which was heard by the court out of the presence of the jury, and the court after hearing the motion sustained it as to two of the four counts or charges of negligence in the complaint, counts ''c'' and ''d'' and no instruction was given, either orally or in writing, directing the jury to return a verdict finding the issues for the defendant as to said counts ''c'' and ''d'' for the reason that the evidence was insufficient in law to support the causes of action alleged in said counts of the complaint, and that the defendant thereupon proceeded to introduce testimony and at the close of all the evidence the defendant submitted to the court the same motion for a directed verdict in his favor that was submitted at the close of plaintiff's evidence, which motion was overruled by the court, and no instruction was tendered with said motion.

So far as the record discloses the case went to the jury upon the complaint as originally filed and not until the case was submitted to the jury upon the facts did the defendant tender an instruction informing the jury that there was no legal evidence to support the charges that the defendant drove his automobile at a greater rate of speed than allowed by statute of the State of Illinois, and instructing them in considering their verdict to disregard any evidence in regard to those two charges in the complaint.

The motion made at the close of plaintiff's evidence did not specify any particular count or counts, but was directed against the entire complaint, and we are of opinion that the court erred in sustaining the motion as to counts ''c'' and ''d'' when the motion was not specifically directed against said counts, and that the court also erred in giving the instruction tendered with the series of instructions submitting the case to the jury upon the facts and informing the jury that there

was no legal evidence to support the charges that the defendant drove his automobile at a greater speed than allowed by statute and instructing the jury to disregard any evidence in regard to said charges, and thus taking away from the jury all questions of fact and requiring them to determine, as a matter of law, that there was no evidence before them tending to support the causes of action alleged in said counts. *Peirce v. Walters, supra.*

At the time of the accident the plaintiff was driving a Model T 1924 Ford truck on State Route 36 and approaching the bridge over Bear Creek. It was about 10 o'clock at night. He and his wife, Blanch Hopson Fisher, had been in Quincy and were on their way to their home, which was about six miles southeast of Bowen. His wife sat on the seat beside him. The headlights of his truck were lighted from the magneto and were controlled by a switch. The tail light was an oil burning lamp, which had been filled with oil and cleaned by plaintiff when he left home that morning and had been lighted that evening about 8:30 o'clock when they left Quincy. They stopped at Frasier's filling station in Ursa for gas, and at that time the tail light was burning.

At the place of the accident the roadway was a paved concrete two-way highway, the bridge over Bear Creek forming a part of the highway, and being but a little wider than the pavement. The roadway extended on south from the bridge up a hill for a distance of about 425 feet to the top of the hill. On the east side of the highway extending from the top of the hill to the bridge was a guard fence made of cedar posts set four feet in the ground and extending three feet above the ground, with a two-foot wire netting with meshes an inch or more in size. On the west side of the highway was a similar guard fence.

At the time defendant came into view at the top of the hill the plaintiff was a short distance south of the bridge on the east side of the roadway and traveling north at from 20 to 25 miles per hour. Two automobiles with headlights burning were traveling south on the west side of the pavement, one about 25 to 50 feet from the south end of the bridge and the other about 50 feet south of that car.

The evidence discloses that the defendant was driving fast and that his car overtook the truck of plaintiff and collided with it and threw it, or appeared to throw it, against the fence and the hind end flopped around, turned over, and headed south and landed upside down, throwing the plaintiff over the east guard fence down into a ditch at the side of the road 12 feet deep and throwing plaintiff's intestate onto the slope of highway, and then ran into the guard fence and broke off five of the cedar posts and pulled two up and the wire loose from two posts that were still standing; pulled nine or ten feet of slack wire from the south end of the fence; the wire was pulled and stretched and narrowed until there was about that much. There were skid marks on the pavement that appeared to be going northeast down the hill. They appeared to come squarely toward the other car and then sheered off to the east side of the pavement. The skid marks were about 25 feet long from the time the wheel started to skid. The skid started about 50 feet south of the place where the Fisher car burned about the middle of the road.

A motion to instruct the jury to find for the defendant is in the nature of a demurrer to the evidence, and the testimony so demurred to, together with all reasonable inferences arising therefrom, must be taken most strongly in favor of the plaintiff. The only question which the trial court has to determine is whether there is in the record any evidence, if true, fairly tending to

prove the allegations of the complaint. *McFarlane v. Chicago City Ry. Co.,* 288 Ill. 476; *Mirich v. T. J. Forschner Contracting Co.,* 312 Ill. 343.

Even had the motion of the defendant, at the close of the plaintiff's evidence, been directed solely against the charge of negligence contained in count "c" of the complaint, we are of the opinion that the action of the court in sustaining the motion as to said count would be error.

It was charged in count "c" that the defendant negligently and carelessly drove his automobile at a speed greater than was then and there proper, having regard to the traffic and the use of the way, and contrary to the statute of the State of Illinois, and that by reason thereof the said automobile of the defendant ran into and collided with the plaintiff's automobile.

The evidence discloses that it was nighttime and that plaintiff and his intestate were free from all negligence; that he was driving his automobile on his side of the highway at a reasonable rate of speed; that the highway ran downgrade and the defendant was driving fast; that it was a two-lane highway; that about 400 feet from the top of the hill was a bridge wide enough to accommodate the travel over this two-lane highway; that on each side of the highway were guard fences; that there were two automobiles with lighted headlights going south towards the top of the hill, that were about opposite the plaintiff at the time the defendant was coming downhill.

Considering the evidence as to the traffic and the physical condition of the highway at that time and place, we are of opinion that it was a question of fact to be determined by the jury whether the defendant negligently and carelessly drove his automobile at a speed greater than was then and there proper, having regard to the traffic and use of the way, and that it was error for the court to determine as a matter of law

that there was no evidence fairly tending to prove the allegations contained in said count "c" of the complaint, and in sustaining said motion as to said count.

The judgment of the circuit court of Adams county is therefore reversed and the cause remanded.

*Reversed and remanded.*