RICHARD L. SMITH, Plaintiff-Appellant, *v.* McNEIL CORPORATION *et al.*, Defendants-Appellees.—(W. W. RICHARDSON EQUIPMENT SALES COMPANY, INC., Counterplaintiff-Appellee, *v.* McNEIL CORPORATION, Counter-defendant-Appellee.)

Third District   No. 78-365

Opinion filed July 27, 1979.—Rehearing denied August 29, 1979.

McConnell, Kennedy, Quinn and Johnstone, of Peoria, for appellant.

Baner and Nicoara, of Peoria, for appellee McNeil Corporation.

Kavanagh, Scully, Sudow, White and Frederick, of Peoria, for appellee W. W. Richardson Equipment Sales Company.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from orders entered by the circuit court which granted the motions of the defendants McNeil Corporation and W. W. Richardson Equipment Sales Company, Inc., for a directed verdict against the plaintiff, Richard L. Smith, and denied plaintiff's motion for a directed verdict on the affirmative defense of assumption of risk filed by the defendants.

This case was commenced by the plaintiff filing an action against the defendants for injuries he received while using a press brake machine. The action was predicated on strict products liability against the manufacturer of the machine, the defendant McNeil Corporation, and the seller of the machine, the defendant Richardson Sales Company.

Several issues have been raised by the plaintiff in this appeal and we first direct our attention to his contention that the trial court committed reversible error in granting the defendants' motions for directed verdict during the presentation of their (the defendants') case.

In order to place this issue in the proper perspective it is necessary that there be set forth a narration of the events which transpired before the trial court. The plaintiff was injured on June 1, 1973, and his complaint was filed on May 30, 1975. After the filing of an amended complaint, and having had extensive discovery, consisting of some 16 depositions of the parties, witnesses and experts, as well as interrogatories and the filing of answers by the defendants, the matter finally came on for trial on June 12, 1978. At the conclusion of evidence on the fourth day of trial and near the end of the plaintiff's evidence, the defendant McNeil moved the court for leave to file an affirmative defense of assumption of risk. The affirmative defense desired to be filed read as follows:

> "This defendant further states that the plaintiff assumed the risk of injury from the danger or unreasonably dangerous condition which caused his injury."

This was the first indication of the defendant's reliance upon the defense of assumption of risk. In spite of the extensive pretrial discovery conducted by the parties there was no affirmative defense of any kind pleaded in the answer of either of the defendants.

On the next day of trial, before the resumption of further evidence, the plaintiff moved to strike defendant McNeil's motion to amend. The plaintiff's motion to strike was denied and the defendant McNeil's motion to amend was allowed. The defendant Richardson then orally adopted the same affirmative defense of assumption of risk as part of its answer. At the close of the plaintiff's testimony both defendants moved for a directed verdict on the affirmative defense of assumption of risk. These motions were denied. At the close of plaintiff's evidence the defendants again moved for a directed verdict. At this time the plaintiff moved for a directed verdict in his favor and against the defendants on the defense of assumption of risk. The trial court reserved ruling on all of these motions. The defendant McNeil then proceeded to present his case in chief and the court heard testimony from three witnesses, including further cross-examination of the plaintiff under section 60 (Ill. Rev. Stat. 1977, ch. 110, par. 60). On the following day prior to receiving further evidence from the defendant McNeil the trial court, without any further motions from the parties, denied plaintiff's motion for directed verdict on the defense of assumption of risk filed by the defendants, but granted each of the defendants' motions for directed verdict which had been filed at the close of the plaintiff's evidence.

In order to determine whether the trial court had authority to grant the defendants' motion for directed verdicts it is necessary that we examine certain statutory provisions and the decisions of our reviewing courts interpreting these provisions. The pertinent and only statutory authority which grants a trial court the right to grant motions for directed verdicts is found in the Civil Practice Act and reads as follows:

> "If at the close of the evidence, and before the case is submitted to the jury, any party moves for a directed verdict the court may (a) grant the motion or (b) deny the motion or reserve its ruling thereon and submit the case to the jury. If the court denies the motion or reserves its ruling thereon, the motion is waived unless the request is renewed in the post-trial motion." Ill. Rev. Stat. 1977, ch. 110, par. 68.1(1).

Decisions from our reviewing courts which construed the statutory provisions pertaining to directed verdicts are based upon a prior provision in our practice act. The language of that provision was as follows:

> "Hereafter, in all civil actions at law, in courts of record, if either party shall at the close of the testimony, and before the case is

submitted to the jury, request the court for a directed verdict in his favor, the court may reserve his decision thereon, and submit the case to the jury under proper instructions as to the law applicable to such case." Ill. Rev. Stat. 1941, ch. 110, par. 192(3)(a).

The language in this latter quoted section is essentially the same as the provision first set forth and which is applicable in the instant case. The joint committee comments regarding section 68.1 of our present Civil Practice Act are to the effect that only minor language changes were made for the purpose of accuracy and economy of expression. See Ill. Ann. Stat., ch. 110, par. 68.1, Joint Committee Comments, at 32 (Smith-Hurd 1968).

■■ There is no dearth of authority construing the right of a trial court to reserve its ruling on a motion to direct a verdict made at the close of the plaintiff's case where thereafter the defendant then produces evidence and this authority makes it clear that our Civil Practice Act does not permit such a reservation.

In the case of *Goldberg v. Capitol Freight Lines, Ltd.* (1942), 314 Ill. App. 347, 41 N.E.2d 302, *aff'd* (1943), 382 Ill. 283, 47 N.E.2d 67, the First District Appellate Court stated:

> "In the Popadowski case we said: 'Where a defendant makes a motion at the close of plaintiff's case for a directed verdict, if he desires to save his point, he must introduce no evidence. But if he puts in his evidence and desires a directed verdict, he must make a second motion for a directed verdict. The court in passing on the second motion, must do so in view of all the evidence. (Cook v. Aevermann, 244 Ill. App. 644 (Abst.); Joliet, A. & N. Ry. Co. v. Velie, 140 Ill. 59, 29 N.E. 706; Fowler v. Chicago & W.I.R. Co., 182 Ill. App. 123.) Some opinions inaccurately state the law to be that where a defendant moves for a directed verdict at the close of plaintiff's case and the motion is overruled and defendant then introduces his evidence, he must 'renew' his motion at the close of all the evidence. In such case the motion made at the close of plaintiff's case cannot be renewed. It is out of the case for all time and, as stated, if defendant desires to have the court of review pass on the question whether plaintiff has made out a prima facie case, at the close of all the evidence, he must make a second motion based on all the evidence.' " 314 Ill. App. 347, 352-53.

The present provision in our Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 68.1) was based upon section 68(3)(a) of the Practice Act of 1933 as amended in 1937 and the present provision was enacted in 1955. (See Ill. Ann. Stat., ch. 110, par. 68.1, Historical and Practice Notes, at 35 (Smith-Hurd 1968).) 3A Nichols, Illinois Civil Practice §3532, at 252, (1977), in regard to directed verdicts, states the law to be as follows:

"§3532.—Reservation of decision on motion made at close of plaintiff's case.

It is more or less common for the court to reserve its ruling on a motion to direct a verdict, made at the close of plaintiff's case, until after all of the evidence on both sides has been heard. However, the provision of the Civil Practice Act as to reserving decision does not apply to a motion made at the close of plaintiff's case,[1] since it expressly authorizes such reservation of decision only 'at the close of the testimony.' The motion made after plaintiff's evidence cannot be reserved, if the defendant introduces any evidence. A new motion must then be made, after all the evidence has been heard.[2]

---

[1] Goldberg v. Capitol Freight Lines, 382 Ill. 283, 47 N.E.2d 67, affg 314 Ill. App. 347, 41 N.E.2d 302; Fisher v. Wittler, 285 Ill. App. 261, 1 N.E.2d 908.
See also Herbst v. Levy, 279 Ill. App. 353, 361.
[2] Haut v. Kleene, 320 Ill. App. 273, 50 N.E.2d 855."

After examining the cases and other authority cited it is clear that in the instant case the trial court was without authority to grant the motions of the defendants for directed verdicts at that time during the trial when the defendants were presenting their case.

■■ The defendants argue that the plaintiff waived his objection to the trial court's granting of the motions for directed verdict since he failed to present such issue to the trial court. We find no merit in this argument of the defendants. Our supreme court has held that it is not necessary to file a post-trial motion in the trial court following a directed verdict as a prerequisite to an appeal. (See *Keen v. Davis* (1967), 38 Ill. 2d 280, 230 N.E.2d 859, and *Larson v. Harris* (1967), 38 Ill. 2d 436, 231 N.E.2d 421.) The Second District appellate court followed the same rule and cited the cases of *Keen* and *Larson* in *Chapman v. Fritzche* (1978), 60 Ill. App. 3d 754, 377 N.E.2d 308.

The defendants attempt to isolate the "no reservation" rule in the *Goldberg* case which is cited by the plaintiff as being a single ill-considered decision of the First District Appellate Court. It should first be noted that the *Goldberg* case was affirmed by the supreme court, and the precise question as to the authority of a trial court to grant motions for directed verdicts was an issue considered and determined by that tribunal (382 Ill. 283, 295, 47 N.E.2d 67, 73). In light of the other cases cited herein we cannot classify the *Goldberg* case as isolated and without precedential support.

A number of other issues were presented in this appeal, however, for the reasons stated it is necessary that the order granting the motions of the defendants for directed verdicts should be reversed and this case remanded for a new trial. Since the trial in this case was terminated prior

to the time that all evidence was adduced, this court is not in a position to determine other issues raised in this appeal, nor should any attempt be made to make such a determination on incomplete or partial evidence.

The orders of the circuit court of Peoria County granting defendants' motions for directed verdict are reversed and this case is remanded for a new trial.

Reversed and remanded.

STENGEL and BARRY, JJ., concur.